THE STATE OF KANSAS, *ex rel. Anna Yilek*, v.
JACOB JEHLIK.

No. 12,953.   (71 Pac. 572.)

SYLLABUS BY THE COURT.

1. BASTARDY—*Imbecile Relatrix.*  An unmarried woman, who is
an imbecile and incompetent to testify, cannot institute and prose-
cute a proceeding in bastardy.

2. ―――― *Court may Set Aside Judgment.*  After judgment had
been rendered in a bastardy proceeding, and at the same term of
court, it was competent for the court to set aside the judgment on
its own motion, having ascertained that the complainant was
mentally incapacitated, and that the court was without jurisdic-
tion.

Error from Republic district court; HUGH ALEXAN-
DER, judge.  Opinion filed February 7, 1903.  Af-
firmed.

STATEMENT.

THIS was a bastardy proceeding, brought by Anna
Yilek, an imbecile, against Jacob Jehlik, who was
mentally unsound and under guardianship.  Her
name was attached to a complaint charging him with
being the father of her bastard child, on which the
warrant was issued.  He was arrested and brought
before the magistrate, where a hearing was had and
a decision made that defendant was the father of the
child.  The proceedings and papers were certified to
the district court, where a trial was had, resulting in
a finding that the defendant was the father of the
bastard child.  After the return of the verdict and the
discharge of the jury, judgment was rendered against
the defendant, and upon the same day the court set
aside the verdict and judgment, and dismissed the
cause.  The reasons for the rulings of the court are
stated in the following written opinion :

"In this case, The State of Kansas, on relation of

Anna Yilek, v. Jacob Jehlik, the jury having found that the defendant is the father of the relatrix' child, and the court, having rendered a formal judgment on the verdict, now, of its own motion, vacates the said verdict and judgment and sets them aside, and the reasons for the court's action are these : Until yesterday, when this trial began, the court had no knowledge or intimation that the relatrix was an imbecile. At a former term of this court, the question of the court's jurisdiction was raised by the defendant on the ground that the defendant was an imbecile and under guardianship.   The court overruled the objection, and is still of the opinion that, but for the imbecility of the relatrix, which has developed on this trial, the court would have jurisdiction of the litigation.   It sees no reason for changing its views expressed in the opinion handed down on the decision of that question at the former term ; but when the relatrix was placed on the witness-stand in this trial, she showed conclusively to the court's mind that she was an imbecile, and did not understand the nature of an oath, and its binding obligation to speak the truth in court, and that she did not have intelligence enough to be a witness in any court ; and it is apparent that such condition of mind on the part of the relatrix is one that existed at the time she swore to the complaint, as the foundation of this proceeding, and has existed ever since.   The foundation of this proceeding was a warrant based upon a complaint which the law requires to be sworn to by the mother of the child.   She alone can make such complaint.   No other person can make such a complaint under the law in Kansas.   The law requires her evidence to be taken on the trial before the justice of the peace, and reduced to writing ; that it shall be read carefully over to her, and that she sign it.   Now, the relatrix being an imbecile, as described, the court is thoroughly of the opinion that the complaint was an absolute nullity, and, being an absolute nullity, the warrant was also null and void, and that this court has no jurisdiction in this case, and for that reason the verdict and judgment are set aside and the case is dismissed at the cost of plaintiff.''

*John C. Hogin,* county attorney, and *W. T. Dillon,* for The State.

*B. T. Bullen,* and *Jay F. Close,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : The controlling question presented here is, May an unmarried woman, who is an imbecile and incompetent to testify, institute a bastardy proceeding ? The proceeding is purely statutory, and, being somewhat penal in its character and procedure, the statutory requirements must be strictly followed. The common law adds nothing to the right of action, and the only methods of enforcing it are those prescribed, or warranted, by the statute conferring the right. The general provisions of the civil and criminal codes cannot be applied except so far as the bastardy statute itself makes them applicable. So it has been held that no one but an unmarried woman can become the prosecuting witness in such prosecution, and no one can institute the proceeding except the, mother of the bastard child ; nor is there any provision allowing the prosecuting witness to be represented by guardian or next friend. Although brought in the name of the state upon a complaint, and the initial process is a warrant upon which the defendant is arrested, and although the county attorney is required to assist, still the prosecuting witness controls the prosecution, the settlement, and the dismissal of the proceedings. The county attorney has no authority to originate the process. His consent to a settlement is not necessary, and he cannot prevent any entry of satisfaction and dismissal by her. ( *Willetts v. Jeffries,* 5 Kan. 470 ; *Gleason, Sheriff, v. Comm'rs of McPherson Co.,* 30 id.

492, 2 Pac. 644; *The State, ex rel., v. Young*, 32 id.
292, 4 Pac. 309; *In re Wheeler, Petitioner*, 34 id. 96, 8
Pac. 276; *In re Lee, Petitioner*, 41 id. 318, 21 Pac.
282; *In re Parker, Petitioner*, 44 id. 279, 24 Pac. 338;
*Moore v. The State, ex rel.*, 47 id. 772, 28 Pac. 1072,
17 L. R. A. 714; *The State v. Baker*, 65 id. 117, 69
Pac. 170.)

Since she alone can originate, control and terminate
the proceedings, is it possible that one without intelli-
gence or understanding of its purpose and effect can
do so? The statute, it is true, provides that "any
unmarried woman," etc., may institute an action,
and such terms without qualification are broad enough
to include idiots and lunatics. There is language, how-
ever, employed in the same connection which clearly
implies that only rational beings were within the con-
templation of the legislature. As already indicated,
she only can begin the prosecution, and that she is to
do by making a written complaint on oath. Only
those who understand the binding force of an oath
and are capable of giving testimony are within the
spirit and intent of the act. If complaint were made
by any one other than the mother the justice would
certainly acquire no jurisdiction; and shall the oath
of one bereft of reason be made the basis of a warrant
and an arrest? The statute designates her as the prose-
cuting witness, and provides that her testimony shall
be reduced to writing, read carefully to her, and by
her be signed, after which it is to be transmitted to
the district court with the other papers in the case as
a basis for the proceeding in that court. These provi-
sions contemplate that the complainant shall be a com-
petent witness, and the code provides that persons who
are of unsound mind are incompetent to testify. (Civil
Code, § 323; Gen. Stat. 1901, § 4771.)

The State v. Jehlik.

Again, the statutory provision that she may dismiss the proceedings, when she shall enter an admission on the record that provision for the maintenance of the child has been made to her satisfaction, so clearly requires an exercise of intelligence and judgment that there can be no doubt as to the legislative intent. Having no mind or understanding, there was, in fact, no complainant.  The arrest and prosecution of a person on the initiative of one mentally irresponsible is beyond reason, and since the incapacity of the complainant is conceded, and no one but the mother can institute the proceeding, no jurisdiction was acquired, and, hence, the proceeding was null and void.

It may seem to be a hardship that the statutory remedy does not reach exceptional cases like this one, but it is not the only remedy available for such an injury, and even if it were, the court would not be justified in extending the remedy beyond the terms and the spirit of the statute conferring it.

The incapacity of the complainant was not discovered until the trial, and, while the judgment had been rendered, it was competent for the court to set it aside and dismiss the proceeding.  It was done during the term and on the day that judgment was rendered, and, having ascertained that there was an absence of jurisdiction, it was not only the right, but the duty, of the court to set aside the judgment and discharge the defendant.

The judgment of the district court will be affirmed.

All the Justices concurring.