19 P.(2d) 315

**PUGH et al. v. PHELPS et al.**

No. 3712.

Supreme Court of New Mexico.

Dec. 31, 1932.

R. H. Hanna and Fred E. Wilson, both of Albuquerque, for appellants.

O. E. Little, of Roswell, for appellees.

NEAL, J.

This is a suit in equity to require the enforcement of a contract for the exchange of land located in Chaves County, N. M., and belonging to the appellees herein for certain houses and portions of certain lots located in Albuquerque, belonging to the appellants. The complaint was filed in the district court

of Bernalillo county on August 14, 1930. It alleged, in substance, residence of the parties, the execution of the agreement to convey and exchange, the terms of the contract of exchange, the ability and offer of the appellees to perform the contract according to the terms thereof, breach of the contract upon the part of the appellants, and asking an accounting for rents which were received or should have been received by the appellants during the time they were alleged to have been in default in performance of the contract. The separate answers filed by the defendants admitted the execution of the contract, denied that Mrs. Welty had acknowledged the same before a notary public, and pleaded fraud in the procurement of the contract, and misrepresentation as to the property which it was claimed released the appellants from performance thereof.

On the issues, thus raised, the cause came for trial on January 16, 1931, and judgment was rendered on January 27, 1931, in favor of appellees. On February 21, 1931, appellees filed a motion to amend the pleadings and decree and to amend the agreement for the exchange of properties, so as to change the word "twenty-one" used in the agreement for exchange of property, in the complaint, and the decree, to the word "two," when describing the number of the block in which the lots of the appellants were located in Albuquerque, N. M. The court took evidence upon this motion and heard the same on the 14th day of March, 1931, sustained the motion to amend and entered its order accordingly.

Appellants reserved proper exceptions to the different rulings by the court, complained of, and to the decree as originally entered, and as finally modified. From the decree as modified, this appeal is taken.

Since the cause has been pending on appeal here, it appears that the appellants W. A. Welty and Annie B. Welty have been declared bankrupts by the United States District Court for the District of New Mexico, and that an order of this court has been made upon the petition of Charles B. Phelps, trustee in bankruptcy, of the estate of W. A. Welty and Annie B. Welty, substituting Charles Phelps, trustee in bankruptcy of the estate of appellants, party appellant, and that this cause proceed in the name of Charles B. Phelps, as trustee, in bankruptcy, of the estate of W. A. Welty and Annie B. Welty. The facts will be stated during the course of this opinion.

The first point presented by appellants is "that the court erred in correcting the final decree and all pleadings over the objections of appellants."

Considering, first, the question as to the amendment of the decree itself:

Section 105-801, Comp. St. 1929, provides: "Any judgment, or decree, except in cases where trial by jury is necessary, may be rendered by the judge of the district court at any place where he may be in this state, and the district courts, except for jury trials, are declared to be at all times in session for all purposes, including the naturalization of aliens. Interlocutory orders may be made

by such judge wherever he may be in the state on notice, where notice is required, which notice, if outside of his district, may be enlarged beyond the statutory notice, for such time as the court shall deem proper. Final judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment; Provided, that if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to rule shall be deemed a denial thereof; and, Provided further, that the provisions of this section shall not be construed to amend, change, alter or repeal the provisions of sections 4227 (105-843) or 4230 (105-846), Code 1915."

In referring to the effect of this section, this court said in Kerr v. Southwest Fluorite Company et al., 35 N. M. 232, 294 P. 324, 325: "The motion to vacate was interposed less than one year and more than 60 days after entry of judgment. It was therefore not maintainable under 1929 Comp. § 105-801, which restored to district courts, during the period of 30 days, the control which they formerly had over their judgments during term time; which control had been held destroyed as the effect of abolishing terms of court except for jury cases. Fullen v. Fullen, 21 N. M. 212, 153 P. 294." See, also,

to the same effect, Gilbert v. New Mex. Const. Co., 35 N. M. 262, 295 P. 291.

█ Since it appears from the record in this case that the motion to amend the judgment was filed within thirty days after the rendition thereof, and was decided by the court within thirty days from the filing thereof, we think the court acted within its authority, and that at the time the motion amending the judgment was sustained and the judgment amended, the court had full control of its judgment and jurisdiction and authority even upon its own motion to make any change, modification, or correction thereof which it deemed proper under the circumstances. Cases supra, and note 10, A. L. R. 556.

The cases cited to us by counsel for appellant, where amendments to judgments were sought, after the term of court at which they were rendered, are of little aid here, since in the case at bar the court had never lost control of the case.

█ Considering, secondly, the question as to the amendment of the pleadings, if we consider the order as in, effect setting aside the judgment rendered on January 27, 1931, and thereupon permitting the amendment as a trial amendment to the complaint, the provisions of section 105-605, Comp. St. 1929, would be applicable.

If the order is considered as an amendment of the decree of January 27, 1931, and, as permitting an amendment to the complaint after judgment, and all parties seem to have

treated it as such, though this section would seem to apply to "final" judgments, as distinguished from judgments that had not passed from the control of the court, section 105-611, Comp. St. 1929, would apply. It is as follows: "After final judgment rendered in any cause, the court may, in furtherance of justice, and on such terms as may be just, amend in affirmance of such judgment, any record, pleading, process, entry, return or other proceedings in such cause, by adding or striking out the name of a party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by rectifying defects or imperfections in matters of form; and such judgment shall not be reversed or annulled therefor."

The statute also furnishes a rule of construction, which it is made the duty of the courts to apply in construing the provisions of law relating to amendments. This section, 105-621, Comp. St. 1929, is as follows: "It shall be the duty of the courts, so to construe the provisions of law relating to pleading, and amending the same, and so to adapt the practice thereunder, as to discourage, as far as possible, negligence and deceit, to prevent delay, to secure parties from being misled, to place the party not at fault as nearly as possible in the same condition in which he would have been if no mistake had been made, to distinguish between form and substance, and to afford known, fixed and certain requirements in place of the discretion of the court or the judge thereof."

It thus appears that in construing and applying the provisions of law relating to amendments, it is the duty of the court to place that construction upon the statute which will place the party not at fault as nearly as possible in the same condition in which he would have been if no mistake had been made and to distinguish between the form and substance. It appears from the evidence adduced on the motion to amend and from the entire record in this cause that all parties and the court tried this cause upon the theory that the description of the lands as set forth in the contract of exchange was correct.

Both appellants and appellees in testifying gave testimony relative to the property belonging to the appellants and located it on Santa Fé street, in the Baca addition to the town of Albuquerque. That the property had been described in the original contract as being located in block 21 of Baca's addition to the town of Albuquerque does not appear to have been observed by any person during the trial or before the trial. It further appeared that there is no such land or block in the Baca addition to the town of Albuquerque as block 21, but that the land belonging to the appellant and as to which the contract of exchange was executed was really and in fact located in block 2 of said Baca addition. It clearly appears to our mind, and we think clearly appeared to the mind of the court, that the insertion of the writing and figure "twenty-one (21)" in the original contract was a clerical error of the scrivener, wholly inadvertent and unintentional. That all parties intended the block to be described correctly as block

"two (2)" also seems a necessary conclusion, since the property the parties were contracting about, and the only property the appellants appeared to have owned in that vicinity was located in said block 2 of the Baca addition. Until after the entry of the judgment, all proceedings were had upon the theory that the description of the property as set out in the contract and the pleadings was correct, W. A. Welty alleging that the property was the separate estate of Annie B. Welty, and Annie B. Welty makes the same allegation in her answer. No one seems to have discovered the error until, some time after decree, an abstractor discovered the mistake. The motion was then made to amend so as to correct the mistake under which all parties and the court had been proceeding throughout the trial. It is contended by appellant that the trial court erred in permitting the amendment, since thereby there was injected into the case a new cause of action, to wit, that of reformation of the contract, and its enforcement as corrected, and to sustain this provision invokes the last clause of section 105-605, Comp. St. 1929, and the decisions of this court to the effect that an amendment which introduces a new cause of action is an amendment which substantially changes the claim or defense and may not be permitted "to conform the pleadings to the proof." Loretto Literary & Benevolent Society v. Garcia, 18 N. M. 318, 136 P. 858; Candelaria v. Miera, 18 N. M. 107, 134 P. 829.

The leading case on this question is Loretto Literary Society v. Garcia, supra, which has been followed in the later decisions upon the same subject. Under the broad rule thus laid, the amendment here offered could not be allowed. However, that doctrine is not controlling upon us further than as actually applied heretofore by this court. A case will seldom occur where its application would not be in furtherance of justice, but where, as in the present case, such an amendment is plainly necessary to prevent a gross injustice, such condition would require an exception to this general rule, and sections 105-619 and 105-621 should be applied. Construing these two sections together and giving proper effect to each to the end that justice may be done, we do not think the court erred in granting the motion and in entering the final decree herein; since the real issues between the parties at the trial were not altered and no surprise or injustice has or can result therefrom, and the only result of a reversal of the case would be the delay and expense of another trial; the evidence being practically conclusive as to the right of appellee to have the mistake in his contract corrected and to have its performance, as corrected, decreed. Even if the trial court had erred in sustaining the motion to amend, we would be required to hold, under the facts shown by this record, that the appellant was not prejudiced thereby, and that such non-prejudicial error was not a proper ground for reversal of this cause. Current et al. v. Citizens' Bank of Aztec, 16 N. M. 642, 120 P. 307; In Re Englehart's Estate, 17 N. M. 299, 128 P. 67, 45 L. R. A. (N. S.) 237, Ann. Cas. 1915A, 54; Trauer v. Meyers, 19 N. M. 490, 147 P. 458; State Trust & Savings Bank v. Hermosa

Land & Cattle Co., 30 N. M. 566, 240 P. 469; Martin v. Village of Hot Springs, 34 N. M. 411, 282 P. 273.

The appellant presents in his brief, as points 2 and 3, the question of the sufficiency of the evidence to sustain the judgment and the question as to whether it would be equitable to enforce the contract. We have examined the evidence in this case carefully, and are of the opinion that the findings of the trial court were not against the weight of the evidence, and were amply sustained thereby.

We recognize the doctrine that a court of equity will not enforce and should not enforce a contract which is unfair, unequal, and unjust, nor one, the performance of which would be in any way unconscionable. However valid or legal a contract may be in its execution, he who comes into a court of equity asking its enforcement and seeking equity must at all times be willing to do equity. It is a fundamental doctrine of equitable jurisprudence that it will use its extraordinary powers only to the end that justice may be done in each individual case presented, and in the exercise of this prerogative, it naturally would refuse to compel the specific performance of a contract, however legal, which was oppressive, unjust, or one-sided, or harsh, showing that one of the contracting parties had taken advantage of the position of the other to drive a harsh and oppressive bargain, and in such case would refuse to enforce it; but an examination of the evidence in this case does not convince the court that the contract here sought to be enforced is so oppressive, unjust, or inequitable as between the parties as to justify this court in saying that for this reason the trial court erred in decreeing its performance.

We therefore conclude that the judgment of the trial court herein should be affirmed, and it is so ordered.

BICKLEY, C. J., and WATSON, SADLER, and HUDSPETH, JJ., concur.