269 P.2d 741

**SHIPP v. THOMAS.**

**No. 5717.**

Supreme Court of New Mexico.

April 14, 1954.

D. A. Calderon and O. O. Askren, Roswell, for appellant.

Frazier, Cusack & Snead, Roswell, for appellee.

COMPTON, Justice.

Appellee instituted this action for the specific performance of an oral contract relating to the transfer of real estate on certain conditions which he alleged had been performed. The trial court made findings of fact which are accepted by the parties as the facts in the case, leaving only the question of law, whether the contract is within the statute of frauds.

The findings material to a decision, are:

"2. That on or about May 21, 1950, the Plaintiff and Defendant entered into an oral contract by which the Defendant agreed to sell to the Plaintiff a 10-acre tract of land, with the improvements thereon, being E½ E½ SE¼ NW¼ of Section 29, Township 11 South, Range 24 East, N.M.P.M., located in Chaves County, New Mexico; that by said agreement Plaintiff was to pay to Defendant $50.00 per month for 10 months, and in the event a loan to pay off the balance was not secured the remainder of $3000.00 was to be paid to Defendant at the rate of $75.00 per month on the first of each month; that the agreed price for said property was $3500.00; that Defendant agreed to deliver merchantable title and abstract.

"3. That pursuant to said oral agreement the Plaintiff took possession of said real estate and improvements thereon about June 1, 1950, and has been in possession thereof at all times since then.

"4. That Plaintiff has made his payments as agreed, including the payment of $75.00 for the month of February, 1952, and has paid a total of $2200.00 on the agreed consideration.

"5. That the Plaintiff has made tender and tenders in to Court the sum of $1300.00 as the balance due upon the purchase price of said premises in accordance with the verbal contract of the parties.

"6. That at the time Plaintiff took possession of said premises under said oral contract of purchase the improve-

ments upon the premises were in poor condition, and that Plaintiff subsequently to taking possession has expended in cash the sum of $681.95 for labor and material, and together with his wife has performed labor upon said improvements of the reasonable value of $1250.00.

"7. That on various occasions prior to the filing of this suit the Plaintiff requested the defendant to produce a deed and abstract covering the property, but the Defendant has failed to do so.

"8. That the Plaintiff has attempted and offered to pay the taxes upon said premises but that he was prevented from doing so by reason of the payment of said taxes by the Defendant, and that as to all such taxes paid by the Defendant he should be reimbursed by the Plaintiff in addition to the purchase price tender made in this cause."

The court then concluded the contract should be specifically enforced.

Appellant argues a single error, as follows:

"The Court erred by holding that the oral contract should be specifically performed and that it was not barred by the Statute of Frauds, because the record shows that appellee relies on an oral contract where the agreement or some memorandum or note thereof, signed by the party to be charged was not reduced to writing as required by Section Four of the Statute of Frauds."

Assuming the correctness of the findings as we must, there was such partial performance of the oral agreement by appellee as to warrant its enforcement. It has long been held by this court, the equitable remedy of specific performance is not granted as a matter of course; nevertheless, where the oral agreement has been partly performed and the court is satisfied the circumstances or conditions do not render the enforcement inequitable, courts of equity do not hesitate to give effect to the contract, though not in writing. At 81 C.J.S., Specific Performance, § 52, the rule is stated thusly:

"An oral contract may be specifically enforced where there has been such partial performance thereof as to take it out of the operation of the statute of frauds or to render application of the statute unfair and inequitable. Statutes, enacted in several jurisdictions, which provide in substance that the statute of frauds shall not be construed to abridge the powers of courts of equity to compel the specific performance of contracts in cases of part performance have been treated as recognizing and preserving the

power to enforce oral contracts which have been partly performed. In a few jurisdictions, however, the rule has been denied recognition by the courts."

For an application of the rule we need go no further than our own cases. Provencio v. Price, 57 N.M. 40, 253 P.2d 582; Schauer v. Schauer, 43 N.M. 209, 89 P.2d 521; Paulos v. Janetakos, 41 N.M. 534, 72 P.2d 1; Pugh v. Phelps, 37 N.M. 126, 19 P.2d 315. Also see 81 C.J.S., Specific Performance, § 59 and 49 Am.Jur. Statute of Frauds, § 421.

At Restatement, contract, § 197, the rule is otherwise stated:

"Where, acting under an oral contract for the transfer of an interest in land, the purchaser with the assent of the vendor

"(a) makes valuable improvements on the land, or

"(b) takes possession thereof or retains a possession thereof existing at the time of the bargain, and also pays a portion or all of the purchase price, "the purchaser or the vendor may specifically enforce the contract."

Oral contracts, partly performed, stand on a parity with contracts in writing insofar as enforcement is concerned; in either instance application for performance is addressed to the sound discretion of the trial court. And in this instance, the court being satisfied that inequity would not result from its enforcement, possession of the premises pursuant to the oral agreement, followed by the making of improvements, and full payment of the consideration, is enough to take the contract out of the statute.

The judgment should be affirmed, and It Is So Ordered.

McGHEE, C. J., and SADLER, LUJAN and SEYMOUR, JJ., concur.