596 P.2d 858

Precilla L. DESJARDIN,
Plaintiff-Appellant,

v.

ALBUQUERQUE NATIONAL BANK as
Trustee for Helen M. Gillespie,
Involuntary Plaintiff-Appellee,

v.

H. S. FINGADO, Ruth Fingado, Herbert
Gilbert and Bernice Gilbert,
Defendants-Appellees.

No. 12314.

Supreme Court of New Mexico.

June 19, 1979.

Melton & Puccini, Robert E. Melton, Albuquerque, for Desjardin.

Dale W. Ek, Albuquerque, for Albuquerque Nat'l Bank.

Warren O. F. Harris, Albuquerque, for Fingado.

## OPINION

SOSA, Chief Justice.

Plaintiff brought a quiet-title action in the District Court of Bernalillo County alleging ownership of the property in question by virtue of a tax deed issued to her by the New Mexico Property Tax Department

on February 14, 1977. Plaintiff filed a Motion for Summary Judgment on May 15, 1978. Defendants filed their response to this motion on June 19, 1978. A hearing on the motion was scheduled for June 22, 1978.

By letter dated June 19, 1978, District Judge Maloney informed counsel for the parties that he was granting plaintiff's Motion for Summary Judgment. The judgment was granted without the benefit of oral arguments. The June 22 hearing was vacated. The order granting summary judgment in favor of plaintiff was entered on June 27, 1978.

In the June 27 judgment Judge Maloney held that title was forever quieted in plaintiff and that defendants were barred from claiming any right to the premises adverse to plaintiff's interest. The court issued a writ of possession on June 30, 1978, allowing the Sheriff of Bernalillo County to seize the property in question and to deliver possession of the property to plaintiff.

Defense counsel informed plaintiff's counsel on or about June 27, 1978, that he would be filing a Motion for Stay of Execution of the June 27 judgment in order to appeal the court's decision. Plaintiff's counsel agreed that nothing would be done concerning the execution of the June 27 judgment until a hearing could be held on defendants' Motion for Stay of Execution.

A hearing was held before Judge Maloney on the afternoon of July 5, 1978, with counsel for all parties present. Defense counsel informed Judge Maloney that he was filing a Motion for Stay of Execution and a Motion for Rehearing. At the conclusion of the hearing Judge Maloney granted defendants' Motion for Stay of Execution and in effect reversed the June 27 judgment.

On July 25, 1978, Judge Maloney entered a Final Judgment in which he amended the summary judgment entered on June 27. The July 25 judgment denied plaintiff's claim against defendants and ordered defendants to reimburse plaintiff for the payments she had made in connection with the property. Plaintiff appeals.

The issue presented in this case is whether the court erred in reversing the June 27 judgment where there was no motion before the court to alter, amend, set aside or vacate that particular judgment. Plaintiff argues that the court erred in reversing the judgment because there was no motion to alter, amend, or set aside the judgment. Plaintiff contends that a court cannot modify a judgment when neither party has sought such relief and the issue has not been implicitly or explicitly consented to by the parties.

Defendants counter that equity may demand that a final judgment be set aside for good cause. The June 27 judgment was granted before any oral arguments were heard. Defendants contend that it was within Judge Maloney's discretion to amend the June 27 judgment after hearing the arguments on July 5. We agree.

■ A district court is authorized to set aside its judgment on its own motion. *Arias v. Springer*, 42 N.M. 350, 356, 78 P.2d 153, 157 (1938). In *Pugh v. Phelps*, 37 N.M. 126, 19 P.2d 315 (1932), a motion to amend the judgment was filed within thirty (30) days after the entry of that judgment. The Court said:

[T]he court had full control of its judgment and jurisdiction and authority *even upon its own motion* to make any change, modification, or correction thereof which it deemed proper under the circumstances. (Emphasis added; citations omitted.)

*Id.* at 128, 19 P.2d at 317.

■ In the case at bar, summary judgment was entered on June 27. That judgment remained in Judge Maloney's control for 30 days thereafter. § 39–1–1, N.M.S.A. 1978. Defendants' Motion for Stay of Execution was filed within 30 days after entry of the June 27 judgment and was directed against that judgment. Judge Maloney's Final Judgment was filed on July 25 and was also within 30 days of the June 27 judgment. Under these circumstances, we find that the court did not err in amending its June 27 judgment.

■ In addition, N.M.R.Civ.P. 60(b), N.M.S.A. 1978, provides that a court may relieve a party from a final judgment or order on motion and upon such terms as are just. A judge can initiate relief from a judgment or order under Rule 60 on his own motion. *Martin v. Leonard Motor-El Paso*, 75 N.M. 219, 402 P.2d 954 (1965).

■ The setting aside of a final judgment under Rule 60(b) is within the discretion of the district court. *Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 582 P.2d 819 (1978); *Springer Corporation v. Herrera*, 85 N.M. 201, 510 P.2d 1072 (1973). This Court "will not interfere with the action of the trial court in vacating a judgment except upon a showing of abuse of discretion. [Citation omitted.]" *Phelps Dodge Corp.*, 92 N.M. at 51, 582 P.2d at 823.

The record does not show an abuse of discretion in this regard. We therefore affirm the district court's decision.

McMANUS, Senior Justice, and FEDERICI, J., concur.