This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37148

**MATRIX FINANCIAL SERVICES CORPORATION,**

Plaintiff/Cross-Defendant/Appellee,

v.

**CHERYL L. MAES,**

Defendant/Cross-Defendant/Appellant,

and

**ZOCALO ASSOCIATION, INC.,
a New Mexico non-profit corporation,**

Defendant/Counterclaimant/Cross-Claimant/Appellee,

and

**SANTA FE COMMUNITY HOUSING TRUST,**

Defendant/Cross-Defendant/Appellee,

and

**THE UNKNOWN SPOUSE OF CHERYL L. MAES,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
David K. Thomson, District Judge**

Law Office of Alvin R. Garcia, LLC
Alvin R. Garcia
Albuquerque, NM

for Appellant

Christopher M. Grimmer, Attorney at Law, LLC
Christopher M. Grimmer
Santa Fe, NM

for Appellee Zocalo Association, Inc.

VanAmberg, Rogers, Yepa & Abeita, LLP
Ronald J. VanAmberg
Santa Fe, NM

for Appellee Santa Fe Community Housing Trust

## DECISION

**DUFFY, Judge.**

**{1}** This appeal arises from the district court's grant of summary judgment in favor of three lienholders in a foreclosure action against Appellant Cheryl L. Maes. On appeal, Maes raises a variety of issues that we summarize as follows: (1) insufficient evidence supported the district court's January 19, 2018, grant of summary judgment; (2) Defendant Zocalo Association, Inc's cross- and counterclaims were filed late without leave of court; (3) service was improper for Zocalo's cross-claims; (4) Zocalo lacked standing; (5) Zocalo failed to give notice of default or an opportunity to cure as required by the condominium association's bylaws and NMSA 1978, Section 58-21A-6 (2009); (6) Santa Fe Community Housing Trust (SFCHT) failed to plead its claims with specificity; (7) SFCHT lacked standing; (8) service was improper for SFCHT's cross-claims and the district court lacked personal jurisdiction over Maes; (9) SFCHT failed to give notice of default prior to filing its motion for summary judgment; (10) SFCHT's lack of notice precluded an award of attorney fees; (11) SFCHT's claims were time-barred; (12) the district court erred in modifying its order granting summary judgment in favor of Matrix Financial; (13) the district court erred by failing to issue an order specifying the legal basis for setting aside a final judgment under Rule 1-060 NMRA; (14) the district court erred in failing to conduct a hearing on an order of presentment; (15) the district court's grant of attorney fees was unreasonable and in violation of Rule 1-054 NMRA; and (16) the district court should have denied SFCHT's motion to compel Matrix to accept the payoff of the judgment because of lack of jurisdiction and standing.

**{2}** We briefly address Maes's argument that the district court erred in sua sponte modifying its August 8, 2017 "Summary Judgment, Decree of Foreclosure, and Appointment of Special Master" in favor of Matrix. The August 8, 2017 order granted an in rem judgment in favor of Matrix but was otherwise silent regarding the liens claimed by the junior lienholders, Zocalo and SFCHT. Afterward, Maes sought to "redeem" the property and to extinguish all three of the lienholders' claims by paying only the amount required to satisfy the judgment in favor of Matrix. The district court held a hearing on Maes's "Petition for Redemption" on September 7, 2017, and after hearing argument

from the parties, amended the August 8, 2017 judgment on its own motion under Rule 1-060[1] to strike a paragraph stating that "[t]he interests in the Property of all parties hereto as foreclosed" and to add a paragraph regarding the priorities of the junior lienholders upon a showing that they are entitled to judgment.

**{3}** Under Rule 1-060, the district court is authorized to change, modify, correct or vacate a judgment on its own motion. *See Desjardin v. Albuquerque Nat'l Bank*, 1979-NMSC-052, ¶ 11, 93 N.M. 89, 596 P.2d 858; *see also Martinez v. Friede*, 2004-NMSC-006, ¶ 15, 135 N.M. 171, 86 P.3d 596 (holding that the district court retains a "reservoir of equitable power" after a judgment is entered to assure justice has been done), *superseded by rule on other grounds as stated in State v. Moreland*, 2008-NMSC-031, ¶ 11, 144 N.M. 192, 185 P.3d 363. While Maes argues that the district court improperly modified the August 8, 2017 judgment under Rule 1-060(B), she does not provide us with the basis for the district court's decision or an argument addressing why she contends the district court's reasons for amending the judgment constitute an abuse of discretion. *See Martinez*, 2004-NMSC-006, ¶ 19 (stating that we review a district court's decision to modify a judgment under Rule 1-060 for abuse of discretion); Rule 12-318(A) NMRA[2]. Instead, Maes argues, without citation to authority, that the judgment was final and that the district court was precluded from modifying the judgment on the basis of the doctrines of waiver and res judicata. These doctrines are inapposite here. Maes has not met her burden to show that the district court abused its discretion in modifying the judgment.

**{4}** Having thoroughly reviewed the briefing on the remaining issues, the authorities cited therein, and the record, we conclude Maes has not demonstrated any error on the part of the district court requiring reversal. *See Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 ("[I]t is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred."); *see also Farmers, Inc., v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("Appellant must affirmatively demonstrate its assertion of error."). Accordingly, we affirm the district's court's January 2, 2018, January 19, 2018, and April 25, 2018 orders.

**{5}    IT IS SO ORDERED.**

---

[1]The district court did not specify a particular subsection of Rule 1-060 as the basis of its decision.
[2]We remind Maes of the obligations imposed by Rule 12-318(A)(3),(4), which state that the brief in chief must contain:
[A] summary of the facts relevant to the issues presented for review. This summary shall contain citations to the record proper . . . supporting each factual representation[.] . . . A contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the summary of proceedings includes the substance of the evidence bearing on the proposition[.]
[A]n argument which, with respect to each issue presented, . . . contain[s] a statement of the applicable standard of review, the contentions of the appellant, and a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on. Applicable New Mexico decisions shall be cited.

MEGAN P. DUFFY, Judge

WE CONCUR:

KRISTINA BOGARDUS, Judge

JANE B. YOHALEM, Judge