573 P.2d 672

**ALBUQUERQUE PRODUCTIONS
CREDIT ASSOCIATION,
Plaintiff-Appellee,**

v.

**Matilde MARTINEZ et al.,
Defendants-Appellants.**

**No. 11250.**

Supreme Court of New Mexico.

Jan. 16, 1978.

White, Koch, Kelly & McCarthy, John F. McCarthy, Jr., Santa Fe, for defendants-appellants.

Kastler, Erwin & Davidson, Paul A. Kastler, Raton, for plaintiff-appellee.

## OPINION

SOSA, Justice.

On September 19, 1966, Melvin S. Weimer filed suit seeking judgment on a promissory note and foreclosure of a mortgage executed by the defendants, Sidney and Clinton Johnson. Feliberto Martinez, who was also a named defendant, was properly served; however, he did not appear nor did he file any pleading. Later the plaintiff filed an amended complaint adding Albuquerque Production Credit Association (APCA) as a party defendant. APCA answered the amended complaint and also filed a counterclaim and cross-complaint. Neither the amended complaint, the counterclaim, nor the cross-complaint were ever served on the defendant Martinez.

Thereafter, on February 28, 1968, all parties to the proceeding, with the exception of Martinez, entered into a stipulation for entry of judgment. Based on the stipulation, judgment was entered for Weimer and APCA on the promissory note, foreclosure of the mortgages to Weimer and APCA was decreed, and a sale of the property was ordered.

The special master's sale was held in June 1968 and eventually the foreclosure sale was confirmed.

However, on August 8, 1972, a motion to set aside judgment as to the decedent was filed on behalf of several of the heirs-at-law of Feliberto Martinez, who had since died. In December 1972 the court entered an order setting aside the 1968 judgment as to the decedent pursuant to N.M.R.Civ.P. 60(b) [§ 21–1–1(60)(b), N.M.S.A.1953 (Repl.1970)]. On September 21, 1973, APCA filed a motion to file an amended cross-claim and on April 1, 1976, APCA filed its response to the motion to set aside judgment. The heirs (appellants) thereafter on October 29, 1976, filed a motion to dismiss pursuant to N.M.R.Civ.P. 41(e) [§ 21–1–1(41)(e), N.M.S.A.1953 (Repl.1970)].

On January 10, 1977, the court entered its amended order whereby it denied the appellants' Rule 41(e) motion and granted APCA's (appellee's) motion to file an amended cross-claim. The appellants appeal. We affirm.

The questions raised on appeal concern: Did the trial court lose jurisdiction of the case thirty days after entry of the order vacating the 1968 judgment; was it mandatory for the trial court to dismiss the action against the appellants pursuant to N.M.R. Civ.P. 25 [§ 21–1–1(25), N.M.S.A.1953 (Repl. 1970)] since APCA failed to substitute them for the decedent Martinez; did the trial court abuse its discretion in denying the appellants' Rule 41(e) motion; and, are APCA's cross-claims barred by the doctrine of res judicata?

### Rule 60(b) Motion to Vacate a Void Judgment

The appellants contend that the court lost jurisdiction over the action thirty days after the judgment was vacated. They argue that the appellees never appealed the order which vacated the judgment, consequently, thirty days later the court was divested of authority to entertain any motion concerning these parties and the same cause of action, and that for these reasons the motion to amend the cross-claim was improperly granted. This point is not well-taken.

The pertinent portions of Rule 60(b) state:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void . . . .

Query, what is the effect of the order vacating the 1968 judgment?

An order granting a motion for relief under 60(b) must be tested by the usual principles of finality; and when so tested will occasionally be final, although probably in most cases it will not be. Thus where the court, in addition to determining that there is a valid ground for relief under 60(b), at the same time makes a redetermination of the merits, its order is final since it leaves nothing more to be adjudged . . . .

On the other hand, and this is probably a common situation, where the order granting relief merely vacates the judgment and leaves the case pending for further determination, *the order is akin to an order granting a new trial and is interlocutory and non-appealable.* (Emphasis added).

7 Moore's Federal Practice ¶ 60.30[3], at 431 (2d ed. 1975).

■ Since Martinez never received notice of the cross-claim, the stipulated judgment was void as to him. Therefore, it was completely proper for his heirs to move to set aside that void judgment under Rule 60(b)(4). When the original judgment was vacated as to Martinez, the status of the case was as though no judgment had been entered as to him. *Wuenschel v. New Mexico Broadcasting Corp.*, 84 N.M. 109, 500 P.2d 194 (1972); *Benally v. Pigman*, 78 N.M. 189, 429 P.2d 648 (1967); *Arias v. Springer*, 42 N.M. 350, 78 P.2d 153 (1938).

■ This is the better reasoned rule inasmuch as the case has never been tried on its merits as to Martinez, and it is the policy of the law to dispose of actions on their merits. Complete disposition of the case will result only by the trial court making a determination as to the priority of interests of the remaining involved parties.

*Substitution of Parties under Rule 25*

The appellants' second contention stresses that since the appellees did not substitute parties for the decedent Martinez within ninety days from the time of his death, then pursuant to Rule 25 of the Rules of Civil Procedure [§ 21–1–1(25), N.M.S.A.1953 (Repl.1970)] the action must be dismissed as to the deceased party.

■ However, the appellants did not raise this issue in the trial court. It is fundamental that matters not brought into issue by the pleadings and upon which no decision of the trial court has been sought, or fairly invoked, cannot be raised on appeal. *Groendyke Transp., Inc. v. New Mexico St. Corp. Com'n*, 85 N.M. 718, 516 P.2d 689 (1973); N.M.R.Civ.App. 11 [§ 21–12–11, N.M.S.A.1953 (Supp.1975)]. Consequently, the appellants' second contention is not well-taken.

*Dismissal of Action with Prejudice*

■ Rule 41(e)(1) of the New Mexico Rules of Civil Procedure states:

(1) In any civil action or proceeding pending in any district court in this state, including actions in which a jury trial has been demanded, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least three [3] years after the filing of said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond three [3] years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice.

[§ 21–1–1(41)(e)(1), N.M.S.A.1953 (Repl. 1970)].

In *State ex rel. Reynolds v. Molybdenum Corp. of Amer.*, 83 N.M. 690, 496 P.2d 1086 (1972) this Court noted that in order to resolve a motion to dismiss pursuant to Rule 41(e):

The trial court should determine, upon the basis of the court record and the matters presented at the hearing whether such action has been timely taken by the plaintiff, the cross-claimant or the counter-claimant against whom the motion is directed, and, if not, whether he has been excusably prevented from taking such action. In making this determination, the discretion of the trial court will be upheld

on appeal except for a clear abuse thereof.

*Id.*

We conclude that there is no indication that the judge abused his discretion in denying appellants' Rule 41(e) motion. The *Molybdenum* case allows the decision of the trial court, as it pertains to a motion to dismiss, to be overturned only when there is a clear abuse of discretion. We have found no such abuse in this case. The record reflects that he applied thoughtful consideration to the issue. The judge considered the surrounding circumstances and decided to deny the motion based on the appellee's efforts to bring the case to a conclusion and also due to the actions of the appellants.

*Res Judicata*

 Appellants' final assertion is that this action is barred by the doctrine of res judicata. We do not agree.

After the appellants moved the court to vacate the 1968 judgment as to them and prior to the judge granting the motion, the appellee filed an action, cause no. 8634, against the appellants. They sought to quiet title to certain real property, to foreclose on a mortgage issued on other property and also to have their interest in the property declared prior and paramount.

On December 8, 1972 (the same day on which the trial judge ordered the 1968 judgment be vacated as it applied to the appellants) the judge dismissed appellee's cause no. 8634 with prejudice. Based on that decision the appellants contend that any further action on this real property between these parties would be barred by the doctrine of res judicata. Therefore, they contend that the judge erred by allowing the appellee to amend its cross-claim on the original action. We do not agree with the appellants' posture on this issue.

Although the order of dismissal stated that cause no. 8634 was decided on its merits and was subsequently dismissed with prejudice we hereby decide otherwise. The record reflects the cause was never heard on its merits and title to the real property was never quieted in any party.

The trial judge decided to dismiss cause no. 8634 as it is evident that he desired to have the appellees move the court to allow them to amend their cross-claim which motion he in fact later granted. Thus, the case would be heard on its merits, title to the real property would be quieted and priority of interests would be determined.

Cause no. 8634, never having been heard on its merits, could not form the basis for a defense of res judicata.

For the aforementioned reasons the trial court is affirmed.

FEDERICI, J., and HILL, D. J., concur.