662 P.2d 1361

**In the Matter of the Last Will and Testament of Naomi R. BOURNE, Deceased.**

**Jacqueline Ann BOURNE, Jonathan B. Bourne, Nancy Lee Bourne & Barbara Jo Bourne, Petitioners-Appellants,**

v.

**Esther BOTTOM, Personal Representative-Appellee.**

**No. 5993.**

Court of Appeals of New Mexico.

April 12, 1983.

George F. Stevens, Gregory V. Pelton, Robinson, Stevens & Wainwright, P.A., Albuquerque, for petitioners-appellants.

Michael J. Golden, Moore & Golden, P.A., Santa Fe, for personal-representative-appellee.

## OPINION

BIVINS, Judge.

Petitioners appeal from an order dismissing their motion under N.M.R.Civ.P. 60(b), N.M.S.A.1978 (1980 Repl.Pamph.), and their petition to revoke probate. We affirm.

The petitioners, Jacqueline Ann Bourne, Jonathan B. Bourne, Nancy Lee Bourne and Barbara Jo Bourne are the children of Joseph B. Bourne, deceased. On July 8, 1974 Joseph B. Bourne and his wife, Naomi R. Bourne (stepmother of petitioners) made provisions in their respective wills and Joseph B. Bourne's trust, executed that date, for their estates to pass to petitioners upon the death of both of them. Joseph predeceased Naomi. Contrary to the arrangement, Naomi executed a new will on September 5, 1980 leaving her entire estate to Esther Bottom who was also named as personal representative under the will.

Naomi died on January 24, 1981, and on February 23, 1981, Esther Bottom filed a petition to probate the September 5, 1980 will. She sent timely notice to petitioners. Only one petitioner, Jacqueline Bourne, appeared at the hearing, and upon inquiry from the court as to whether she had any

questions or observations to make, she replied that she had none. Naomi's will was thereupon admitted to probate at the hearing held on March 27, 1981.

Approximately five months later, on September 2, 1981, petitioners filed their petition to vacate the order of March 27, 1981 admitting the will to probate. This petition was filed under Rule 60(b) and alleged fraud, misrepresentation or misconduct on the part of Esther Bottom, and, in the alternative, mistake, inadvertence or excusable neglect on the part of petitioners. The claimed defense or objection to admission of the will was that the signature of Naomi was obtained by undue influence.

The trial court, following a hearing on petitioner's Rule 60(b) motion, entered an order on December 31, 1981 granting petitioners leave to file written objections to the probate of Naomi R. Bourne's will. Petitioners timely filed their objections and demanded a jury trial. On February 18, 1982 the trial court advised counsel for the parties that because of scheduling conflicts it would hear the matter on written submissions, i.e. affidavits, memoranda of law, etc. The court noted that it had already heard certain factual matters, apparently referring to the December, 1981 hearing.

Thereafter, on June 21, 1982, the trial court informed counsel that after reviewing the case and "having regard to the need to finalize these matters," it concluded the petitioners had failed to meet the "minimal requirements necessary to open the matter on the grounds and basis which they have alleged." An order was entered July 21, 1982 dismissing petitioners' Rule 60(b) motion and objections to probate of the will. This appeal followed.

As a factual basis for their Rule 60(b) motion (Petition to Vacate Order Admitting Will to Probate), petitioners alleged:

1. The Petitioners are the stepchildren of Naomi R. Bourne, deceased; that at the time they received the Notice of Hearing for formal probate of their mother's alleged Last Will and Testament, they inquired of Esther Y. Bottoms, [sic] the person petitioning to admit said Will to probate and were informed by her after she had first checked with her attorney that it would not be necessary for them to be present at the hearing scheduled for March 27, 1981, at which hearing the alleged Will of the decedent was admitted to probate.

2. That the Petitioners are informed and believe and do believe that the signature of their step-mother, Naomi R. Bourne, to the Will admitted to probate in the above cause, was obtained by undue influence. Because of the actions and advice of Esther Y. Bottoms, [sic] who was appointed personal representative of the estate, they were led to believe that objections to the admission to probate of said alleged Will could properly be made after March 27, 1981.

3. That the Petitioners received legal advice from reputable members of the New Mexico Bar but were never informed as to any time limitations for filing objections to the said alleged Will that was admitted to probate and were led to believe that they had ample time to contest the Will.

4. That the failure of Petitioners to object to the admission of said alleged Will to probate or to timely appeal the order admitting said Will *was caused by the misrepresentation or misconduct of Esther Y. Bottoms* [sic] *and her attorney or the mistake, inadvertence, surprise or excusable neglect of Petitioners.* (Emphasis added).

■ Section 45–3–413, N.M.S.A.1978, provides that an order in a formal testacy proceeding may be vacated for good cause shown within the time allowed for appeal as set forth in the Rules Governing Appeals. In civil actions an appeal must be taken within 30 days. N.M.R.Civ.P. 3, N.M.S.A. 1978 (1980 Repl.Pamph.). Petitioners concede that they did not comply with that requirement, and therefore seek relief under Rule 60(b). The personal representative argues that Rule 60(b) is not applicable because the Probate Code provides an exclusive method for modifying or vacating a formal testacy order. *See* § 45–3–412,

N.M.S.A.1978. Rule 60(b) is not inconsistent with the Probate Code under the circumstances of this case. *See Mathieson v. Hubler,* 92 N.M. 381, 588 P.2d 1056 (Ct.App. 1978).

In this appeal, petitioners advance two arguments:

1. After having permitted petitioners to file objections, the trial court lost jurisdiction under § 39–1–1, N.M.S.A.1978, and, therefore, had no authority to change its mind;

2. There was sufficient basis for granting petitioners relief under Rule 60(b) and no basis for the trial court reversing its December 31, 1981 order.

In support of their jurisdictional point, petitioners rely on Section 39–1–1, which provides in pertinent part:

*Final* judgments and decrees * * * shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment * * * provided further, that the provisions of this section shall not be construed to amend, change, alter or repeal the provisions of Sections 4227 or 4230, Code 1915. (Emphasis added).

The initial question is whether the order entered December 31, 1981, allowing petitioner to file objections is a "final" judgment within the meaning of § 39–1–1. We hold it is not. In *Jemez Properties, Inc. v. Lucero,* 94 N.M. 181, 608 P.2d 157 (Ct. App.1979), this Court held that an order granting a Rule 60(b) motion was not itself an appealable order. It is likewise true that an order which does not grant Rule 60(b) relief, but simply permits movants leave to file their objections, is not an appealable final order. *See Floyd v. Towndrow,* 48 N.M. 444, 152 P.2d 391 (1944).

Moreover, § 39–1–1 does not conflict with the right to grant relief from judgments under Rule 60(b). *See Martin v. Leonard Motor-El Paso,* 75 N.M. 219, 402

P.2d 954 (1965); *Wooley v. Wicker,* 75 N.M. 241, 403 P.2d 685 (1965); *Laffoon v. Galles Motor Company,* 80 N.M. 1, 450 P.2d 439 (Ct.App.1969).

Having decided the trial court had the authority to reconsider the Rule 60(b) motion, did it commit reversible error in denying that motion by its July 21, 1982 order?

In reviewing the denial of a Rule 60(b) motion, we are guided by the general principles set forth in *Phelps Dodge Corp. v. Guerra,* 92 N.M. 47, 582 P.2d 819 (1978). *Springer Corporation v. Herrera,* 85 N.M. 201, 510 P.2d 1072 (1973), states: "Two issues arise on every application to open or vacate a judgment, namely, the existence of grounds for opening or vacating the judgment, and the existence of a meritorious defense * * *" 85 N.M. at 203, 510 P.2d 1072.

In support of their claim of "mistake, inadvertence, surprise or excusable neglect," petitioners submitted the affidavit of Nancy Lee Bourne, which states:

That Nancy Lee Bourne and her brother and sisters contacted two reputable members of the New Mexico Bar concerning contesting the Will admitted to probate in the above cause, but were never informed of any time limitations involved in such a contest and that their failure to contest said Will on March 27, 1981 was due to mistake, inadvertence, surprise, excusable neglect * * *.

The depositions reflect that some of the petitioners contacted an attorney a few days after Naomi's death regarding a will contest. This attorney reviewed certain papers and informed petitioners that they did not have a case. Petitioners met with another attorney on two occasions and received similar advice. The conferences with these attorneys antedated the March 27, 1981 hearing, and both attorneys allegedly informed petitioners they did not have to appear. As previously noted, Jacqueline Bourne did attend the hearing but voiced no objections to the admission of the September 5, 1980 will to probate.

As to the claim of fraud, the affidavit of Nancy Lee Bourne alleges:

That upon receiving notice of the probate of the Will filed in the above cause Nancy Lee Bourne and her sisters and brother contacted Esther Y. Bottom who, after checking with her attorney, informed them that it would not be necessary for them to do anything with reference to the hearing on said Will scheduled for March 27, 1981.

Since petitioners consulted independent counsel, there is little merit in the claim that they relied on Esther Bottom to advise them about whether they should appear at the hearing. Moreover, the deposition testimony indicates that petitioners never informed Esther Bottom that they were contemplating a contest of the will.

The trial court, in its order of July 21, 1981 found that petitioners, or some of them, sought advice from at least two attorneys regarding a contest of the will and that such was done during the time within which they could have moved to revoke probate under § 45-3-413. We agree that evidence supports this finding and answers petitioners' contentions relating to mistake, inadvertence, or excusable neglect. *See Wooley v. Wicker.*

The trial court also found that petitioners were not misled by Esther Bottom. This finding is likewise supported by substantial evidence.

Although making no specific findings of fact as to the lack of a meritorious objection to the admission of the will to probate, the trial court did make a general finding that petitioners had failed to present evidence that would permit the court to entertain their petitions. The deposition testimony of three of the petitioners failed to disclose any substantive basis for a claim of undue influence. Petitioners rely upon the short time span between the execution of the will and Naomi's death, surprise that she would change her will contrary to the agreement made with their father, and a "moral obligation" not to change the will.

The setting aside or vacating of a final judgment or order under Rule 60(b) is within the discretion of the trial court, and this Court will not disturb the trial court's ruling absent a showing of abuse of discretion. *Desjardin v. Albuquerque Nat. Bank,* 93 N.M. 89, 596 P.2d 858 (1979). We find no abuse of discretion.

We affirm the trial court's order denying petitioners' Rule 60(b) motion and their petitions to vacate the order admitting the will to probate and to revoke probate.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.