851 P.2d 506

**Rex A. HALL, Plaintiff–Appellant,**

v.

**Elizabeth Jannan HALL, a/k/a Elizabeth Jannan Powell, Defendant–Appellee.**

**No. 13365.**

Court of Appeals of New Mexico.

March 17, 1993.

Rex A. Hall, pro se.

Mary W. Rosner, Albuquerque, for defendant-appellee.

## OPINION

HARTZ, Judge.

Plaintiff, the former husband of Defendant, appeals from a district court order setting aside a default judgment and subsequent writ of garnishment that he obtained in a tort suit. We dismiss the appeal because the order of the district court was not a final order.

The governing statute is NMSA 1978, Section 39–3–2 (Repl.Pamp.1991), which reads:

Within thirty days from the entry of any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action, or any final order after entry of judgment which affects substantial rights, in any civil action in the district court, any party aggrieved may appeal therefrom to the supreme court or to the court of appeals, as appellate jurisdiction may be vested by law in these courts.

The district court's order setting aside the default judgment was not a final judgment or decision, nor was it an interlocutory order or decision practically disposing of the merits of the action. Our jurisdiction depends upon whether the order was a "final order after entry of judgment which affects substantial rights."

At one time New Mexico decisions clearly held that an order setting aside a judgment was such a post-judgment order. *See, e.g., Starnes v. Starnes,* 72 N.M. 142, 381 P.2d 423 (1963); *Hoover v. City of Albuquerque,* 56 N.M. 525, 245 P.2d 1038 (1952); *Singleton v. Sanabrea,* 35 N.M. 205, 292 P. 6 (1930).[1] The issue did not generate much analysis. *Singleton* said merely:

Laws authorizing appeals relate to the remedy, and should be construed liberally in furtherance of the remedy.

The order does affect a substantial right and in that sense is a final order. But for such order, the plaintiff would have been entitled in law to the immediate fruits of his judgments. Of this right the order deprived him.

*Singleton,* 35 N.M. at 206, 292 P. at 7. *Starnes* said, "No convincing reason for departing from our holdings in those cases [permitting an appeal] has been advanced, and accordingly we adhere to them[.]" *Starnes,* 72 N.M. at 144, 381 P.2d at 424.

Then our Supreme Court decided *Albuquerque Prod. Credit Ass'n v. Martinez,* 91 N.M. 317, 573 P.2d 672 (1978). The heirs of Feliberto Martinez had successfully moved pursuant to New Mexico Rule of Civil Procedure 60(b) (now codified as SCRA 1986, 1–060(B), which is virtually identical to Federal Rule of Civil Procedure 60(b)) to set aside as to the decedent a judgment entered pursuant to a stipulation by all the parties except the decedent. Almost a year later Albuquerque Production Credit Association (APCA) filed a motion to file an amended cross-claim, and after an-

---

**1.** Until 1986 the Supreme Court appellate rules specifically provided for appeals from any "final order after entry of judgment which affects substantial rights." New Mexico Rules of Appellate Procedure for Civil Cases, Rule 3(a)(3) (Repl.Pamp.1984). Although older cases often cited to the rule (or its predecessor) rather than the statute, we discern no rationale for distinguishing those decisions on that basis.

other 2½ years APCA filed a response to the motion to set aside the judgment. The district court granted leave to amend the cross-claim. The heirs appealed, contending that APCA "never appealed the order which vacated the judgment, consequently, thirty days later the court was divested of authority to entertain any motion concerning these parties and the same cause of action[.]" *Id.* at 318, 573 P.2d at 673. The Supreme Court rejected the heirs' argument, writing the following:

> Query, what is the effect of the order vacating the 1968 judgment?
>
> "An order granting a motion for relief under 60(b) must be tested by the usual principles of finality; and when so tested will occasionally be final, although probably in most cases it will not be. Thus where the court, in addition to determining that there is a valid ground for relief under 60(b), at the same time makes a redetermination of the merits, its order is final since it leaves nothing more to be adjudged. . . .
>
> On the other hand, and this is probably a common situation, where the order granting relief merely vacates the judgment and leaves the case pending for further determination, *the order is akin to an order granting a new trial and is interlocutory and nonappealable.* (Emphasis added)."

*Id.* at 318–19, 573 P.2d at 673–74 (quoting 7 Moore's Federal Practice ¶ 60.30[3], at 431 (2d ed. 1975)). *Martinez* did not, however, explicitly overrule earlier New Mexico decisions that were contrary to the federal rule set forth in Moore's treatise. Moreover, our Supreme Court has yet to issue a published opinion dismissing an appeal from an order granting a motion to set aside a judgment under SCRA 1–060(B). Indeed, the Supreme Court has reviewed at least three appeals from such orders, although the opinions do not address jurisdiction to hear the appeal. *Marinchek v. Paige*, 108 N.M. 349, 772 P.2d 879 (1989); *Sunwest Bank v. Roderiguez*, 108 N.M. 211, 770 P.2d 533 (1989); *Rodriguez v. Conant*, 105 N.M. 746, 737 P.2d 527 (1987). Thus, one might question whether the *Singleton* line of cases has been overruled.

Nonetheless, in *Jemez Properties v. Lucero*, 94 N.M. 181, 608 P.2d 157 (Ct.App. 1979), *cert. denied*, 94 N.M. 628, 614 P.2d 545 (1980), this Court held that *Martinez* implicitly overruled those precedents. The district court in *Jemez Properties* had set aside a judgment pursuant to appellees' motion under what is now SCRA 1–060(B)(6). After further proceedings, judgment was entered in favor of the appellees. The appellants appealed from both the second judgment and the order vacating the original judgment. Appellees contended that the appellants were untimely in appealing from the order vacating the original judgment. They relied on *Hoover* for the proposition that the order setting aside the earlier judgment was final and that an appeal had to be taken within thirty days of the entry of that order. Over a vigorous dissent by Judge Sutin, the majority rejected appellees' argument, stating that *Martinez* "held that an order setting aside an earlier judgment under Rule 60(b) was interlocutory and nonappealable; thus, overruling *Hoover* by implication." *Jemez Properties*, 94 N.M. at 184, 608 P.2d at 160. Three years later *In re Will of Bourne*, 99 N.M. 694, 662 P.2d 1361 (Ct.App.1983), approved *Jemez Properties* in stating that "an order granting a Rule 60(b) motion was not itself an appealable order." *Id.* at 697, 662 P.2d at 1364.

Two recent New Mexico Supreme Court decisions reinforce the position of the majority in *Jemez Properties*. Although the Supreme Court held that the orders at issue were appealable in *Kelly Inn No. 102 v. Kapnison*, 113 N.M. 231, 824 P.2d 1033 (1992) (permitting appeal before determination of attorney's fees), and *Carrillo v. Rostro*, 114 N.M. 607, 845 P.2d 130 (1992) (recognizing collateral-order doctrine), both opinions displayed the Court's general presumption in favor of following federal authority regarding appealability and both opinions emphasized that the Court looks with disfavor upon piecemeal appeals.

Therefore, although the matter is not without doubt, we follow *Jemez Properties* in holding that *Martinez* implicitly overruled the line of cases that includes *Single-*

*ton, Hoover,* and *Starnes,* and that New Mexico now follows the federal rule that orders granting relief pursuant to SCRA 1–060(B) ordinarily are not appealable. *See* 7 James W. Moore & Jo D. Lucas, *Moore's Federal Practice* ¶ 60.30[3] (2d ed. 1993); 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2871, at 259–60 (1973).

Because the order in the present case "merely vacates the judgment and leaves the case pending for further determination," *Martinez,* 91 N.M. at 319, 573 P.2d at 674, the order is not appealable and this appeal must be dismissed.

**IT IS SO ORDERED.**

CHAVEZ and FLORES, JJ., concur.