2001-NMCA-037

26 P.3d 764

**In the Matter of the ESTATE OF Wayne Dick LEE, Deceased,**

**Robert L. Pidcock, Petitioner–Appellant,**

v.

**Natalie E. Apodaca, Respondent–Appellee.**

No. 21,668.

Court of Appeals of New Mexico.

April 13, 2001.

Certiorari Denied, No. 26,936, June 11, 2001.

Daniel M. Faber, Albuquerque, NM, for Appellant.

Roger V. Eaton, Albuquerque, NM, for Appellee.

*OPINION*

ALARID, Judge.

{1} Petitioner appeals from an order granting Respondent's petition to probate a later-offered will. The issues raised on appeal concern the circumstances under which probate proceedings may be modified or set aside, as well as the scope of a personal representative's fiduciary duties. Being unpersuaded by Petitioner's arguments, we affirm the district court's order.

*FACTS AND PROCEDURAL HISTORY*

{2} Wayne Dick Lee (Decedent) died on July 13, 1997. He left two wills: one executed in 1993, leaving his entire estate to Petitioner; the other executed in 1997, naming Respondent as sole beneficiary.

{3} Shortly after Decedent's death, Petitioner recovered the 1993 will from among Decedent's personal papers. Although Petitioner was aware that a subsequent will had been drafted, he did not find the 1997 will at that time. Therefore, Petitioner filed with the district court to have the 1993 will admitted to probate.

{4} Notice of the hearing on the petition was sent to Respondent, and duly received. Respondent, though aware of the contents of the 1997 will, did not appear at the hearing. She had left the 1997 will with Decedent when she moved out of his residence, and had been told that the will was nowhere to be

found after his death. Therefore, at the time of the probate of the 1993 will, she believed the 1997 will to have been destroyed.

{5} On December 3, 1997, the district court entered its order formally admitting the 1993 will to probate, and naming Petitioner as personal representative of the estate. Just over a year later, by letter dated December 29, 1998, Petitioner informed Respondent that he had found the 1997 will. Respondent filed a petition to probate the will on February 1999, which was ultimately granted.

{6} On appeal, Petitioner argues that the district court improperly set aside the order admitting the 1993 will to probate. He also challenges the district court's determination that he owed a fiduciary duty to the court and to Respondent, such that he was required to promptly notify each upon the discovery of the 1997 will.

*DISCUSSION*

A. *Reopening the Probate Proceedings*

{7} The circumstances under which a prior order admitting a will to probate may be modified or set aside are statutorily defined. NMSA 1978, Section 45–3–412(A)(1) (1995) provides: "[T]he court shall entertain a petition for modification or vacation of its order and probate of another will of the decedent if it is shown that the proponents of the later-offered will were unaware of: (a) its existence at the time of the earlier proceeding."

{8} The parties disagree as to the applicability of subsection (a). Petitioner argues that Respondent's admitted knowledge of the contents of the 1997 will, together with her knowledge that it existed as of the time that she moved out of Decedent's residence, established that she was "aware of the existence of the 1997 will at the time of the proceedings" pertaining to the 1993 will, such that she should be barred from relying on subsection (a). Respondent, in turn, contends that her uncontroverted belief that the 1997 will had been destroyed as of the time of Decedent's death establishes that she was unaware of the continuing existence of the 1997 will at the time of the earlier proceedings.

{9} The district court found that Respondent was not aware of the existence of the 1997 will as of the time that the 1993 will was probated, and concluded that she was entitled to relief based upon that state of affairs. It is therefore implicit that the district court interpreted Section 45–3–412(A)(1)(a)'s reference to a party's "awareness of the existence" of a later-offered will, "at the time of the earlier proceeding," to address that party's awareness of the *continuing existence* of the later-offered will as of the date of the earlier probate proceeding.

{10} We affirm the district court's interpretation and application of Section 45–3–412(A)(1)(a). Its approach appears to be the most natural and reasonable interpretation. Because the temporal modifier that is at the heart of the parties' disagreement, "at the time of the earlier proceeding," appears immediately after the term "existence," the rules of grammar strongly suggest that the latter modifies the former, such that it is the latter-offered document's actual existence as of the time of the earlier probate proceedings to which the statutory provision is addressed. *See In re Goldsworthy's Estate*, 45 N.M. 406, 412, 115 P.2d 627, 631 (1941) (observing, "relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote") (citation and internal quotation marks omitted).

{11} Moreover, we believe it to be highly unlikely that the legislature intended to require a party in Respondent's position to come forward with her claims prior to discovery of the later-offered will's continued existence, insofar as she reasonably believed the 1997 will to have been destroyed, and lacked any information or evidence to the contrary. Given the general presumption, whereby an inexplicably absent testamentary instrument last known to have been in the possession of the testator is presumed to have been destroyed with the intention of revoking it, *see In re Estate of Kerr*, 1996–NMCA–063, ¶ 14, 121 N.M. 854, 918 P.2d 1354, we believe that requiring a party in Respondent's position to come forward prior to the discovery of the subsequent will would be both an unreason-

able and pointless exercise in most cases. *Cf. Aztec Well Servicing Co. v. Property & Cas. Ins. Guar. Ass'n*, 115 N.M. 475, 479, 853 P.2d 726, 730 (1993) (observing that statutory interpretation must be consistent with legislative intent and must not render the statute application absurd, unreasonable, or unjust).

{12} Petitioner argues that our interpretation of Section 45–3–412(A)(1)(a) is ill-advised because it will do serious damage to the finality of probate proceedings. Although we acknowledge that finality of judgments is of general concern, and may provide a valid justification for barring meritorious claims under some circumstances, this is not such a case. *See In re Estates of Hayes*, 1998–NMCA–136, ¶ 23, 125 N.M. 820, 965 P.2d 939. By enacting Section 45–3–412, the legislature explicitly determined, as a matter of policy, that the reopening of otherwise-final probate orders should be permitted under specified circumstances. For the reasons stated above, this case falls squarely within one of those specified circumstances. Finality is not so exalted that it should override such a clear expression of legislative intent.

{13} Petitioner further argues that our approach to Section 45–3–412(A)(1)(a) finds no precedent. However, Petitioner has been equally unsuccessful in directing this Court to any contrary authority. We have found nothing on point, either among the reported decisions of the courts of this State or of foreign jurisdictions. Although Petitioner urges that the cases of *Padilla v. Estate of Griego*, 113 N.M. 660, 830 P.2d 1348 (Ct.App. 1992), *In re Will of Bourne*, 99 N.M. 694, 662 P.2d 1361 (Ct.App.1983), and *Barngrover v. Estate of Barngrover*, 95 N.M. 42, 618 P.2d 386 (Ct.App.1980), undermine our ruling, we observe that none of these authorities address Section 45–3–412(A), nor do they in any way require a different result.

{14} In summary, therefore, we uphold the district court's determination ·that Respondent was entitled to relief pursuant to Section 45–3–412(A)(1)(a), on grounds that she was not aware of the continuing existence of the 1997 will as of the time that proceedings pertaining to the 1993 will were underway.

## B. *Fiduciary Duty*

{15} Petitioner also challenges the district court's conclusion that he "had a fiduciary duty to ... [Respondent] to make [her] aware that the 1997 will had been found as soon as it was found." Although the significance of this determination is not immediately clear to us, Petitioner urges that it is a matter of importance to the parties. We will, therefore, briefly address the issue.

{16} Petitioner asserts that the question whether he owed Respondent a fiduciary duty depends upon whether she is classifiable as an "interested party," as that term is employed in NMSA 1978, Section 45–3–712 (1975). We accept this proposition for the purposes of this appeal. We disagree, however, with Petitioner's assertion that Respondent is not such an "interested person." As Petitioner correctly notes by reference to the case of *Rienhardt v. Kelly*, 1996–NMCA–050, ¶ 9, 121 N.M. 694, 917 P.2d 963, the probate code defines the term " 'interested person' " to include "heirs, devisees, children, spouses, creditors, beneficiaries and any others having a property right in or claim against a trust estate or the estate of a decedent." NMSA 1978, § 45–1–201 (1995). By virtue of the terms of the 1997 will, the admission of which to probate we have affirmed for the reasons set forth above, Respondent has in fact established a property right in, and/or claim against, the estate at issue. She therefore fits squarely within the scope of Section 45–3–712.

{17} We understand Petitioner to object that it is unreasonable to impose a fiduciary duty on a personal representative with regard to heirs, devisees or other beneficiaries whose claims are established under an instrument separate from the will by the terms of which the personal representative was appointed. Specifically, Petitioner's points urge that a personal representative in such a position may be wholly unaware of persons to whom a duty is owed, or interests in need of protection. However, the district court's conclusion does not suggest that Petitioner should be held accountable for conduct preceding the moment at which he became aware of Respondent's claims. To the contrary, the portion of the order addressed to

the fiduciary duty issue is specifically limited to Petitioner's responsibility to act promptly once Petitioner obtained information that Respondent held a valid claim against the estate. As a result, the district court's ruling does not implicate the concerns raised by Petitioner in his memorandum in opposition. We therefore decline to reverse the order on such grounds.

{18} Petitioner further argues that the district court's ruling with regard to his fiduciary duties should be reversed because there has been no proof of resulting loss to the estate. However, we fail to see how reversal follows from such a lack of proof of loss. Such proof would only be relevant to the district court's order if relief had been granted on the basis of the alleged breach of fiduciary duty. Because no such relief was granted, the need for proof of loss eludes us. We therefore decline to reverse any aspect of the district court's order on these grounds.

*CONCLUSION*

{19} For the foregoing reasons, the district court is **AFFIRMED**.

{20} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge, and CELIA FOY CASTILLO, Judge.