This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**TAMARA LYNN DAVIS,**

Petitioner-Appellee,

v.                                                    **NO. 29,738**

**MARK C. DAVIS,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum , District Judge**

Harris Law Firm, P.C.
Randall Harris
Clovis, NM

for Appellee

Attorney and Counselor at Law, P.A.
Eric D. Dixon
Portales, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Appellant attempts to appeal from the district court's order setting aside a default judgment that was in his favor. The first notice of proposed disposition proposed to dismiss the appeal. Appellant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Appellant's arguments and dismiss the appeal.

Appellant argues that under the Uniform Child Custody Jurisdiction Act (the Act), NMSA 1978, § 40-10A-201 (2001), while the district court has continuing jurisdiction, each decision is final for the purposes of appeal. [MIO 2] "This [C]ourt recognizes that a court of original jurisdiction ordinarily retains continuing jurisdiction to modify a custody decree." *Trask v. Trask*, 104 N.M. 780, 782, 727 P.2d 88, 90 (Ct. App. 1986). However, the main purpose of the Act is "to avoid jurisdictional competition and conflict in making custody awards." *Elder v. Park*, 104 N.M. 163, 166, 717 P.2d 1132, 1135 (1986). Here, the act of setting aside the default judgment left in effect the August 19, 2008 order which awarded Appellant sole temporary physical and legal custody. [RP 100, 272-73, 299-303] That order expressly continued the matter for further proceedings. [RP 100] Therefore, there is no final determination from which to appeal.

Appellant further argues that *Hall v. Hall*, 115 N.M. 384, 386-87, 851 P.2d 506,

508-09 (Ct. App. 1993) (holding that an order setting aside a default judgment was not a final judgment or decision and was not appealable), the case relied upon in this Court's first notice, was a tort action and not a decision under the Act. Specifically, Appellant asserts that if the logic of *Hall* is followed, a decision of the district court under the Act would never be final and could not be appealed until the child reached the age of eighteen, since the court always has the jurisdiction to modify its decision. [MIO 2-3] By statute, a party can seek modification of the original divorce decree under the standard of changed circumstances. *See* NMSA 1978, § 40-4-7(G) (1997) ("The court may modify and change any order or agreement merged into an order in respect to the guardianship, care, custody, maintenance or education of the children whenever circumstances render such change proper."). An order determining that there is evidence of changed circumstances warranting a change of custody is final for the purposes of appeal. *See Mendoza v. Mendoza*, 103 N.M. 327, 331, 706 P.2d 869, 873 (Ct. App. 1985) (stating that after the time for appealing a divorce decree expires, the court in the original proceeding loses jurisdiction to modify the decree except when relief is sought to modify child custody, child support, or alimony pursuant to Section 40-4-7(C)). However, here, the order setting aside the default judgment left unresolved the question of whether changed circumstances warranted a modification

3

of custody awarded in the original divorce decree. *See Cole v. McNeill*, 102 N.M. 146, 147, 692 P.2d 532, 533 (Ct. App. 1984) ("Issues remain to be decided by the district court, thus there has been no final judgment or decision.").

For these reasons, and those stated in the first notice, we dismiss the appeal.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**