323 P.2d 1102

Toribio GUTIERREZ, Plaintiff-Appellant,

v.

A. J. GIANINI, Defendant-Appellee,
Serafin Saavedra, Defendant.

No. 6134.

Supreme Court of New Mexico.

Feb. 5, 1958.

Rehearing Denied May 2, 1958.

Lorenzo A. Chavez, Arturo G. Ortega, Albuquerque, for appellant.

John N. Brunacini, Lewis R. Sutin, Albuquerque, for appellee.

KIKER, Justice.

Appellant, plaintiff below, was born on the 16th day of March, 1905, in the town of Atrisco, now part of Albuquerque, New Mexico, of Bonafacia Gutierrez out of wedlock. Shortly after his birth he was given by his natural mother, Bonafacia, to her Aunt Maria de Gutierrez and her husband, Miguel Gutierrez. Although no legal proceedings were taken, appellant was held out to the public to be the son of Maria and Miguel Gutierrez and was always treated as such.

Appellant resided with Maria and Miguel in their home until their deaths, Miguel predeceasing Maria who died in the year, 1921. Maria was blind, or nearly so, and after the death of Miguel appellant cared and looked after Maria until her death.

The property in dispute was acquired by Maria by deed from the Board of Trustees of the Atrisco Grant on September 8, 1907. Appellant was unaware that this property had ever been deeded to his adoptive mother, Maria, until some time in 1952 when he learned of the existence of a suit to quiet the title to this property in the name of the defendant in the court below, Saavedra, and that Maria had been named a party defendant. Defendant Saavedra alleged that the land in dispute had been transferred to him by deed from Maria de Gutierrez. The deed was dated October 8, 1917, and bore the signature, "Marie C. de Gutierrez." It contained, also, the written acknowledgment of a justice of the peace and was signed "Salvador Armijo."

On February 21, 1952, defendant Saavedra executed a deed to the land in dispute to appellee, A. J. Gianini. Appellant filed his complaint on September 23, 1952, seeking to quiet title to the disputed property. The cause was submitted on hearing to the court without a jury on two counts; namely, quiet title and attempt to set aside a prior Final Decree of Quiet Title which had been entered in favor of defendant Saavedra in 1952. Defendant Saavedra died since the filing of the complaint and at the hearing of this cause it was suggested to the court that the proceeding be carried on in the name of the surviving. defendant, Gianini. In his answer to plaintiff's amended complaint defendant Saavedra disclaimed any interest in the property.

The court below found that on October 17, 1917, Maria C. de Gutierrez was the owner of the real estate in dispute and on that date transferred title to that property to defendant Saavedra by delivering a deed of said property to him. It found, further, that on February 21, 1952, defendant Saavedra conveyed all his interest in that real estate to appellee-defendant, A. J. Gianini. It concluded that the plaintiff had failed to establish any right, title or interest in or to the real estate or any part thereof which was the subject of that action.

Appellant has based his appeal upon two main points. First, he contends that the evidence is legally insufficient to support the finding of the court below that on October 17, 1917, Maria de Gutierrez conveyed the real estate in question to the defendant, Serafin Saavedra.

In Arias v. Springer, 42 N.M. 350, 78 P. 2d 153, a similar contention was made on appeal. We said at page 357 of 42 N.M., at page 158 of 78 P.2d:

"This court will not review 'the evidence in the record' except to determine whether a finding is supported by

substantial evidence or whether requested findings should have been made * * *."

In the court below, appellant introduced evidence that the signature of Maria de Gutierrez was not actually hers and that she was in fact illiterate; that the signature of the notary was not that of one Salbador Armijo, a former justice of the peace in the community of Atrisco.

Appellee introduced evidence showing that the deed in question was turned over to Saavedra by Maria de Gutierrez at her home in 1917; that the deed was for a valid consideration and that the deed so recites; that the deed was in the possession of Saavedra for 34 years until 1951 when it was turned over to the defendant Gianini; and, finally, that the deed was recorded in 1951.

A deed, valid on its face, delivered to the grantee, raises a presumption that the grantor intended to part with the property. Waters v. Blocksom, 57 N.M. 368, 258 P.2d 1135. To overcome the presumption of validity by attacking the deed as a forgery, as appellant has done here, the evidence must be clear, convincing, cogent and indubitable. 7 Thompson on Real Property 328, 329, § 3882.

Whether the presumption was overcome by the appellant's evidence was a matter to be weighed by the trial court. It determined that there was a valid conveyance from Maria de Gutierrez to Serafin Saavedra. The record discloses substantial evidence upon which such a determination could be reached.

Appellant's second point on appeal is that the plaintiff was the adopted son of Maria de Gutierrez and as such is the legal heir of the real estate in dispute upon her death.

In view of the holding of this Court on Point I above, it becomes unnecessary to treat the second point. The decision of the lower court should be affirmed.

It is so ordered.

McGHEE and COMPTON, JJ., concur.

LUJAN, C. J., and SADLER, J., not participating.