George A. HUSKINS, Jr., Mary E. Huskins, et al., Appellants,

v.

FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ANCHORAGE, and Columbia Lumber Co. of Alaska, Appellees.

No. 449.

Supreme Court of Alaska.

Aug. 3, 1964.

---

Arthur D. Talbot, Anchorage, for appellants.

Gordon W. Hartlieb, Hartlieb & Rader, Anchorage, for appellee First Federal Savings and Loan Assn. of Anchorage.

Theodore M. Pease, Jr., Burr, Boney & Pease, Anchorage, for appellee Columbia Lumber Co. of Alaska.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

This appeal grows out of an action commenced by appellee First Federal Savings and Loan Association to foreclose a mortgage on real property. First Federal alleged that its mortgage covering the property in question was superior to the rights of the appellants and other named defendants.

Appellants pleaded that they were fraudulently induced by one White, who was a defendant below, to enter into a contract of sale, whereby they sold the property in question to J. W. Hiber, a fictitious person; that a deed from themselves to J. W. Hiber, which was in the chain of title upon which First Federal relied, had never been legally delivered to any person, but that White had somehow managed to record the deed appellants had executed concurrently with the real estate contract, both of which had been placed in escrow, or had recorded a duplicate original of that deed. At the trial appellants merely contended that the deed in question was a forgery.

At the trial Frst Federal introduced a copy of the recorder's photostat of the deed mentioned above. Demand had been made by appellants on First Federal to produce the original deed, but its response was that the original had been returned to White in accordance with established procedure after it had been recorded by First Federal in connection with the approved loan. No demand for production was made on White as far as can be learned from the record.

We shall state at the outset that instead of assisting the court to a quick knowledge of the controlling facts of the case, the statement of the case in appellants' brief was a direct hindrance. Frequently matters stated as facts were not supported by any type of evidence. Statements of fact were often distorted by combining them with appellants' interpretation of the effect of the facts. Innuendo was employed throughout. The result of the foregoing was that the reader's confidence in the integrity of the statement was destroyed.

Appellants main point on appeal is that the trial court erred in finding that the deed from appellants to J. W. Hiber, upon which First Federal relied, was not a forgery.

In its Finding No. 17 the court stated:

"I find that the recorded deed, Exhibit 9 was signed by the Huskins and was not a forgery. There was no evidence and no testimony that the signatures of the Huskins on Exhibit 9 were forgeries. There was no testimony by Mr. Huskins that he had not signed more than one deed. Mrs. Huskins testified that only one deed was signed at the time the other papers were signed, but gave no testimony that the second deed was not signed at some other date. No expert evidence was offered on the genuineness of the signatures. The deed is witnessed and acknowledged as provided by law. One of the witnesses to the deed was available, but was not called."

In Finding No. 18 the court pointed out that a fraud may have been worked on the appellants Huskins but that of the innocent parties consisting of appellants and others, appellants made possible whatever fraud

was practiced. In addition, the court pointed out that after appellants had acquired full knowledge that some fraud had been practiced they did not notify First Federal for six weeks and that during this period First Federal had disbursed additional sums from its loan to White. Further, that, with full knowledge and on the advice of counsel, appellants had accepted cash from First Federal and a mortgage from White for the sums owed them, thereby ratifying any fraud that may have been practiced.

Appellants have set out in their brief eleven items of "evidence" which they claim prove that the deed was a forgery. The first two items are assertions that the appellants George and Mary Huskins each testified that they signed only the original copy of the deed that was to accompany the real estate contract and escrow agreement. The third item of evidence is the statement of Sgt. Huskins that the original deed remained in escrow at the bank and was never recorded.

The remainder of the items of "evidence" are in reality statements by appellants of the interpretation which they believe the trial court should have placed on particular evidence, on the fact of the absence of particular evidence or on the evidence as a whole.

 Since appellants were asserting the invalidity of the deed as a forgery, the burden was upon them to prove forgery by clear and convincing evidence.[1] The fact that the instrument had been acknowledged before a notary created a presumption that the signatures were genuine.[2] The evidence of forgery was entirely insufficient to overcome the presumption of validity. As the trial court pointed out, even the appellants did not testify that the signatures on the deed purporting to be theirs were forgeries. Since appellants had failed to sustain their burden of proof the trial court

was quite correct in holding that the deed was not a forgery.

We shall not attempt to express an opinion on other points mentioned in appellants' brief. Three of these points were not included in the statement of points. The remainder are inadequately briefed. The arguments in support of all of these points depend for force upon a theory of the case involving fraud, forgery and connivery which is strongly urged on appeal but which was not established at the trial.

Judgment affirmed.

1. Northcrest, Inc. v. Walker Bank & Trust Co., 122 Utah 268, 248 P.2d 692, 693 (1952); Gutierrez v. Gianini, 64 N.M. 64, 323 P.2d 1102 (1958).

2. Picetti v. Orcio, 57 Nev. 52, 65, 67 P.2d 315 (1937).