This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37029**

**LINDA CONTRERAS RIDLINGTON,**
**as Conservator of the Estate of**
**Alvino Contreras,**

       Plaintiff-Appellant,

v.

**BOBBY CONTRERAS,**

       Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Mercedes C. Murphy, District Judge**

Law Office of Richmond L. Neely
Richmond L. Neely
Albuquerque, NM

for Appellant

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

Davis Miles McGuire Gardner, PLLC
Latisha K. Frederick
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Linda Contreras Ridlington (Plaintiff), as guardian and conservator of her father, Alvino Contreras (Father), appeals the district court's orders granting summary judgment in favor of her brother, Bobby Contreras (Defendant), and denying Plaintiff's motion to reconsider. We affirm.

## BACKGROUND

**{2}** This dispute arose in connection with twenty-six quitclaim deeds signed by Father conveying various real properties to Defendant in November 2015. Almost twenty years prior to the conveyance, in August 1997, Father gave Plaintiff a durable power of attorney (POA). Plaintiff, however, did not record the POA until August 2016, nine months after the conveyances at issue had occurred, and when she first employed her authority as POA. Similarly, Plaintiff was only appointed as guardian and conservator of Father on November 21, 2016, a week after she filed the complaint in the present case to "void" the November 2015 deeds given to Defendant, alleging coercion and duress, Father's mental incapacity, and the invalid notarization of the deeds.

**{3}** In July 2017, Defendant filed a motion for summary judgment and asked the district court to quiet title to the twenty-six properties that he claimed were gifted to him. A week prior to the motions hearing and anticipated bench trial, Plaintiff submitted a seemingly untimely two-page response to the summary judgment motion. However, the district court exercised its discretion to consider Plaintiff's response because there was some question as to whether Defendant's motion was properly served. Following arguments on the motion, the district court stated its intention to grant Defendant's motion, finding that Plaintiff failed to meet her burden in overcoming the motion for summary judgment. The next day, prior to entry of a written order by the district court, Plaintiff filed a motion to reconsider, attaching exhibits including the recorded POA, an affidavit by Dr. Samuel Roll who allegedly evaluated Father in December 2013, a copy of one of the twenty-six recorded deeds, the deposition transcript of Defendant, and correspondence indicating that the notarization of the November 2015 deeds was invalid because that notary's commission had expired in 2012. In ensuing written orders, the district court granted Defendant's motion for summary judgment and denied Plaintiff's motion for reconsideration, refusing to consider the proffered exhibits because under Rule 1-060 NMRA there was no basis to excuse Plaintiff's failure to submit those documents with Plaintiff's response to the summary judgment motion. Plaintiff appeals.

## DISCUSSION

**{4}** Plaintiff raises seven issues on appeal: (1) the district court erred in concluding that Plaintiff's case was barred because her POA was not recorded before the deeds were recorded; (2) the district court erred in concluding that Plaintiff's case was barred because she was not appointed as guardian of Father and conservator of Father's estate before the deeds were recorded; (3) the district court erred in granting summary judgment in favor of Defendant despite her allegation that such deeds were improperly induced by coercion and duress; (4) the district court erred in granting summary judgment despite Plaintiff's allegation that Father lacked the mental capacity to sign the

deeds, and Defendant presented no evidence of Father's capacity in executing the deeds; (5) the district court erred in granting summary judgment due to the false notary certifications on the deeds, and neither the motion for summary judgment nor the order granting summary judgment addresses such ground; (6) the district court erred in granting summary judgment by ruling that the "execution of the deeds was valid" when the deeds were not in evidence; and (7) the district court abused its discretion in denying Plaintiff's motion for reconsideration when there was no indication that Defendant's summary judgment motion was sufficient to shift the burden to Plaintiff to produce evidence. In light of the volume and overlapping nature of Plaintiff's arguments, several of which mischaracterize the nature of the district court's orders, we address them collectively in the context of the two district court orders appealed. *See Rio Grande Kennel Club v. City of Albuquerque*, 2008-NMCA-093, ¶¶ 54-55, 144 N.M. 636, 190 P.3d 1131 ("[W]e encourage litigants to consider carefully whether the number of issues they intend to appeal will negatively impact the efficacy with which each of those issues can be presented."). We do so, however, only to the extent each contention is adequately developed and supported by authority and properly cited facts in the record. *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

## I.      The District Court Did Not Abuse Its Discretion in Denying Plaintiff's Motion to Reconsider

**{5}**      Plaintiff argues the district court abused its discretion both in granting Defendant's motion for summary judgment and in denying Plaintiff's motion to reconsider, primarily because Defendant did not meet his burden of a prima facie of showing entitlement to summary judgment. We conclude that Defendant indeed met his burden, but first evaluate the district court's denial of Plaintiff's motion to reconsider. We do so because Plaintiff's arguments rely extensively on exhibits attached to the motion to reconsider that the district court declined to consider because those exhibits "were not presented with her [r]esponse to the [m]otion for [s]ummary [j]udgment." If the district court did not err in this regard, then we too may not consider the rejected exhibits on appeal, or entertain argument based thereon. *See City of Sunland Park v. N. M. Pub. Regulation Comm'n*, 2004-NMCA-024, ¶ 17, 135 N.M. 143, 85 P.3d 267 ("[T]his Court considers additional material attached in support of a motion for reconsideration only when the district court considers or relies on the material to make its final determination." (emphasis omitted)).

**{6}**      "We review the denial of a motion for reconsideration for [an] abuse of discretion." *Unified Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 77, 400 P.3d 290. "We cannot say the district court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Wilde v. Westland Dev. Co.*, 2010-NMCA-085, ¶ 30, 148 N.M. 627, 241 P.3d 628 (internal quotation marks and citation omitted). In denying the motion for reconsideration, the district court emphasized (1) that Plaintiff did not set forth an appropriate reason under Rule 1-060 supporting her requested reconsideration; and (2) that the proffered exhibits were not properly filed since Plaintiff failed to credibly explain why the documents were not

presented with her response to the summary judgment motion. Although it is unclear whether the motion for reconsideration here was brought pursuant to Rule 1-059(E) NMRA or Rule 1-060(B), the result is the same—the court may exercise its *discretion* regarding the consideration of the untimely exhibits. *See Varga v. Ferrell*, 2014-NMCA-005, ¶ 31, 362 P.3d 96 ("[A] district court may, in its discretion, refuse to consider materials purporting to create issues of fact that are presented after summary judgment has been granted."); *Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 9, 135 N.M. 423, 89 P.3d 672 (concluding that the district court did not abuse its discretion in refusing to consider materials filed with a motion seeking reconsideration of summary judgment); *In re Estate of Keeney*, 1995-NMCA-102, ¶ 12, 121 N.M. 58, 908 P.2d 751 (explaining that Rule 1-060(B) motions require specific grounds in a motion to reconsider while Rule 1-059(E) motions are not so restricted as to the basis for relief and that the trial court has "*considerable discretion* to reconsider summary judgment under Rule 1-059(E)" (emphasis added)).

{7}     In issuing its ruling here, the district court exercised its discretion *not* to consider the untimely presented documents. We note that the district court could have decided otherwise. *Cf. Keeney*, 1995-NMCA-102, ¶ 12 (finding no abuse of discretion in district court's review of untimely filed materials submitted on motion for reconsideration of summary judgment where untimely filing was due to counsel's negligence). However, we have no basis to conclude that the district court abused its discretion in deciding differently than the district court in *Keeney*, particularly given Plaintiff's motion for reconsideration amounted to a belated attempt to rectify her inadequate response to the summary judgment motion. Because the district court acted within its discretion, "we will not consider the additional materials submitted with the motion for reconsideration." *Deaton*, 2004-NMCA-043, ¶ 9; *Keeney*, 1995-NMCA-102, ¶ 14 (stating that the reviewing court may consider materials submitted with a motion for reconsideration *if the district court considered the materials*); *see City of Sunland Park*, 2004-NMCA-024, ¶ 17 (declining to consider on appeal the material that "the district court did not consider or rely on" to reach its decision).

{8}     For similar reasons, we will also not consider Plaintiff's affidavit which was attached to the docketing statement as it had no impact on the district court's rulings. *Sunland*, 2005-NMCA-024, ¶ 17 ("[A]n appellate court may not consider the documents if the district court's decision is not based on that material."); *see also Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 ("[R]eference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure.").

## II.     The District Court Did Not Err in Granting Defendant's Summary Judgment Motion

{9}     We review an order granting summary judgment de novo. *Freeman v. Fairchild*, 2018-NMSC-023, ¶ 14, 416 P.3d 264. We consider "the facts in a light most favorable to the party opposing summary judgment and draw all reasonable inferences in support of a trial on the merits." *Id.* (internal quotation marks and citation omitted). Summary

judgment is appropriate where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* ¶ 16 (internal quotation marks and citation omitted).

**{10}**   "The party moving for summary judgment has the initial burden of establishing a prima facie case for summary judgment by presenting such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." *City of Rio Rancho v. AMREP Sw. Inc.*, 2011-NMSC-037, ¶ 14, 150 N.M. 428, 260 P.3d 414 (internal quotation marks and citation omitted). "The movant need not demonstrate beyond all possibility that no genuine factual issue exists." *Parker v. E.I. DuPont de Nemours & Co.*, 1995-NMCA-086, ¶ 10, 121 N.M. 120, 909 P.2d 1. Once the movant meets this burden of a prima facie showing, "the burden shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Freeman*, 2018-NMSC-023, ¶ 16 (internal quotation marks and citation omitted); *see* Rule 1-056(E) NMRA ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). The non-movant "may not simply argue that such evidentiary facts *might* exist, nor may it rest upon the allegations of the complaint. Instead, the party opposing summary judgment motion must adduce evidence to justify a trial on the issues." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 (emphasis added) (alteration, internal quotation marks, and citation omitted). If the non-movant "does not so respond, summary judgment, if appropriate, shall be entered" in favor of the moving party. Rule 1-056(E).

**{11}**   Defendant moved for summary judgment in July 2017 by submission of a straightforward four-page motion that attached no evidence, asserting undisputed facts and relying heavily on legal presumptions—the validity of the deeds at issue, the capacity of Father in signing those deeds, as well as Plaintiff's failure to record her POA on the properties as required prior to the challenged conveyances in November 2015. In his argument at the motion hearing, Defendant contended that he was entitled to summary judgment because neither Plaintiff's POA nor guardianship of Father, which became official in August and November 2016, respectively, were controlling at the time of the deed conveyances in November 2015. Therefore, he argues that as a matter of law, the deeds were valid. Defendant also highlighted that Plaintiff did not attach any affidavits or evidence in her response to Defendant's summary judgment motion to rebut the undisputed facts therein. As stated, Plaintiff filed a two-page response a week before the motions hearing. The response failed to raise any disputed facts or attach any evidence or affidavits to rebut Defendant's arguments, and instead focused solely upon Defendant's challenge to Plaintiff's standing set forth within Defendant's motion for summary judgment. At the hearing, Plaintiff argued that the mere existence of otherwise proper deeds does not indicate that Father, as the grantor, had the *capacity* to execute those deeds. Plaintiff's counsel also conceded that Plaintiff only recorded her POA *after* she needed to avail herself of the authority, explaining that Plaintiff "never had any reason to use it before" and "never had to avail herself of that [POA] until then." In

granting Defendant's motion, the district court held that Father was under no legal constraint at the time of the conveyances in November 2015, that Defendant met his burden of proving that the execution of the deeds was valid, and that Plaintiff did not rebut the presumptive capacity of grantor nor the valid execution of the deeds.

**{12}** On appeal, Plaintiff challenges the district court's grant of summary judgment in favor of Defendant on numerous grounds. We summarize her central arguments as we understand them to be as follows: (1) Plaintiff's POA and her position as guardian and conservator, though not effective prior to the deed conveyances in November 2015 gave her standing to sue on Father's behalf because he was allegedly defrauded, coerced, and unduly influenced into signing those deeds, and such claims vested at the time of the alleged wrong (fraud and undue influence);[1] (2) Defendant's motion was itself defective since he did not directly refer to specific evidence; and (3) the district court erred in concluding that Defendant met his prima facie burden that the execution of the deeds was valid and in not addressing Plaintiff's allegations regarding Defendant's coercion and duress, Father's mental incapacity, and the invalid notarization of the deeds.

**{13}** As to Plaintiff's first argument regarding standing, no challenge to Plaintiff's standing has been renewed on appeal by Defendant, and the district court's grant of summary judgment did not indicate any such rationale when ruling in favor of Defendant. Rather, the district court expressly stated in its order that it had jurisdiction over both the parties and the subject matter. In addition, we view the order permitting the substitution of parties after Plaintiff was appointed as guardian and conservator for Father as acknowledging Plaintiff's standing to bring this suit on his behalf. Thus, we need not address the issue further. Instead, we proceed to whether Defendant met his initial burden of a prima facie showing. *See City of Rio Rancho*, 2011-NMSC-037, ¶ 14.

**{14}** Regarding Plaintiff's other arguments, Defendant need not demonstrate beyond all possibility that no genuine factual issue exists, *Parker*, 1995-NMCA-086, ¶ 10; rather, he must present evidence that is "sufficient in law to *raise a presumption* of fact or establish the fact in question unless rebutted." *See City of Rio Rancho*, 2011-NMSC-037, ¶ 14 (emphasis added) (internal quotation marks and citation omitted). To that end in this case, in New Mexico, "[a]*ny person* . . . who may hold, any right or title to real estate in this state, be it absolute or limited, in possession, remainder or reversion, *may convey* the same" under our property law. NMSA 1978 § 47-1-4 (1851-1852) (emphasis added); NMSA 1978, § 47-1-5 (1851-1852) ("All conveyances of real estate shall be *subscribed by the person* transferring his title or interest in said real estate[.]" (emphasis added)). Here, the undisputed facts provide that the properties, as enumerated in an exhibit in Plaintiff's complaint, were transferred *in writing* via quitclaim deeds on November 10, 2015, with the property sufficiently described, consideration noted, signed by Father—the grantor—and witnessed by a neutral third party. Because the deeds appeared to be statutorily proper as they were in writing and, notably, signed by

---

[1]We note that Plaintiff did not expressly plead an "undue influence" claim in her complaint to the district court, instead stating that the deeds should be void because they were obtained under "duress or coercion." Only on appeal does Plaintiff point to undue influence cases to support her separate cause of action.

Father, the resulting conveyances were presumptively valid. *See Gonzales v. Gonzales*, 1993-NMCA-159, ¶ 21, 116 N.M. 838, 867 P.2d 1220 ("[W]e agree that in general, once property has been conveyed by deed from the record owner, the person to whom the property has been conveyed owns it."); *Vigil v. Sandoval*, 1987-NMCA-101, ¶ 8, 106 N.M. 233, 741 P.2d 836 ("Courts will construe a deed in such a manner that will uphold the validity of the conveyance, if possible."). Together, these facts indicate that the deeds were facially valid, thus shifting the burden to Plaintiff to rebut the presumption. *See Gutierrez v. Gianini*, 1958-NMSC-024, ¶ 10, 64 N.M. 64, 323 P.2d 1102 ("A deed, valid on its face, delivered to the grantee, raises a presumption that the grantor intended to part with the property. To overcome the presumption of validity . . . the evidence must be clear, convincing, cogent and indubitable." (citation omitted)). Instead of presenting evidence rebutting the validity of the deeds, however, Plaintiff merely alleged coercion, duress, and mental incapacity. *See* Rule 1-056(D)(2) ("All material facts set forth in the statement of the moving party shall be deemed admitted unless *specifically* controverted." (emphasis added)). Mere allegations of coercion or duress are insufficient to overcome presumptions of law made applicable by the nature of the evidence in this case.[2]

**{15}** Regarding Father's purported lack of capacity to sign the deeds, the burden similarly rested on Plaintiff to assert specific facts to demonstrate incapacity at the time of the conveyances by clear and convincing proof. *See Roybal v. Morris*, 1983-NMCA-101, ¶ 13, 100 N.M. 305, 669 P.2d 1100; *In re Estate of Head*, 1980-NMCA-096, ¶ 16, 94 N.M. 656, 615 P.2d 271. In his summary judgment motion, Defendant also relied on a presumption of law that all persons in New Mexico are competent, unless otherwise shown. *See Heights Realty, Ltd. v. Phillips*, 1988-NMSC-007, ¶ 5, 106 N.M. 692, 749 P.2d 77 ("The law presumes that every person is competent. To show the contrary, the burden of proof rests on the person asserting lack of capacity to establish the same by clear and convincing proof."); *In re Estate of Head*, 1980-NMCA-096, ¶ 16. Here, the legal presumption allowed Defendant to meet his prima facie burden as pertains to

---

2Under the dissent's approach, presumptively valid quitclaim conveyances of property owned by presumptively capable conveyors could be challenged well after the fact, as it is here in this case, by merely alleging—with no evidentiary showing—that the grantor was incapacitated or otherwise subjected to undue influence of some unspecified sort. In such an unsettled landscape, it would be hard to predict which quitclaim deed could be relied upon post-conveyance and which could not, given that any interested party wishing someone other than the grantee (perhaps even themselves) had been deeded the property could proceed to trial upon little more than a bald allegation of "coercion and duress." Moreover, in making its pitch that the district court should be reversed, the dissent embraces and capably improves upon Plaintiff's undue influence argument, a contention first and minimally espoused by Plaintiff only in briefing to this court. This we do not normally do. *See Corona*, 2014-NMCA-071, ¶ 28; *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them. This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." (citation omitted)). And by relying on statements in Defendant's answer to Plaintiff's complaint to place a material fact in dispute, the dissent would reverse based on an argument Plaintiff did not make in the district court and therefore did not preserve for appellate review. *See Nellis v. Farmers Ins. Co. of Arizona*, 2012-NMCA-020, ¶ 23, 272 P.3d 143 ("The rules of preservation are no different for review of summary judgment than for review of other final orders. We review the case litigated below, not the case that is fleshed out for the first time on appeal." (internal quotation marks and citation omitted)).

Father's capacity, and Plaintiff failed to rebut that presumption with sufficient evidence of Father's incapacity because her response to the summary judgment motion was devoid of any evidence. *See* Rule 1-056(D)(2). Accordingly, and with no specific evidence that Plaintiff contends rendered the otherwise presumptively valid deeds invalid, the district court did not err in finding that Defendant met his burden of proving that the execution of the deeds was proper by relying on the presumptive validity of the conveyances and the presumptive capacity of Father to make those conveyances.

**{16}** Next, Plaintiff argues that the deeds contained "false notary certifications" because the commission of the notary who witnessed the deeds expired prior to the conveyance. Plaintiff, however, failed to properly develop this argument, instead, citing authority regarding fraud and coercion. *Corona*, 2014-NMCA-071, ¶ 28 (holding that appellate courts have no duty to review inadequately developed arguments). In any event, notarization is *not* a requirement for the deeds to be binding as between the parties involved. *See* NMSA 1978, § 14-13-12 (1901) ("An acknowledgment of an instrument of writing shall not be necessary to its execution unless expressly so provided by statute."); NMSA 1978, § 47-1-6 (1967) ("No seal or scroll is necessary to the validity of any . . . conveyance, whether respecting real or personal property, or any other instrument of writing, nor does the addition or omission of a seal or scroll in any way affect the force or effect of the same."); *Amethyst Land Co. v. Terhune*, 2014-NMSC-015, ¶ 11, 326 P.3d 12 (holding that "noncompliance with statutory requirement that deeds be notarized does not make the deed void, but merely makes it ineligible to be recorded," and unacknowledged deeds are nevertheless binding "between the parties . . ., their heirs and representatives, and persons having actual notice of the instrument" (internal quotation marks and citation omitted)); *New Mexico Properties, Inc. v. Lennox Indus., Inc.*, 1980-NMSC-087, ¶ 6, 95 N.M. 64, 618 P.2d 1228 ("The absence of an acknowledgment to a deed or instrument of conveyance does not affect its validity or render it void as between parties."). While the deeds would be improper as constructive notice to bona fide purchasers, here, Father, as the grantor, signatory, and a party to the conveyances was bound by the mis-notarized deed. Furthermore, since Plaintiff represents Father's interests, Plaintiff was also bound barring her demonstration of evidence to challenge the validity of the conveyances. Accordingly, the burden shifted from Defendant to Plaintiff to rebut that the execution of the deeds, though valid on its face, was improper. Plaintiff could rebut the validity of the deeds by presenting the existence of specific evidentiary facts requiring a trial by way of affidavits or other evidence. *See* Rule 1-056(E) ("[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). But Plaintiff's mere allegations of coercion or duress in her complaint were insufficient to rebut Defendant's prima facie case for summary judgment. *See Horne*, 2013-NMSC-004, ¶ 15 (reiterating that speculation is insufficient to overcome a prima facie case for summary judgment). Rule 1-056(D)(2) sets out what is required of a party moving for summary judgment and a party opposing it. *See id.* ("All material facts set forth in the statement of the moving party shall be deemed admitted unless *specifically* controverted."). We conclude that Defendant made a prima facie showing and Plaintiff

failed to adequately respond in compliance with those requirements by rebutting Defendant's reliance on the presumptions of law. *See Freeman*, 2018-NMSC-023, ¶ 14

**{17}** Finally, as to Plaintiff's argument that the district court failed to *specifically* address the grounds of each of her claims in granting summary judgment, we are again unpersuaded. Principally, as the district court emphasized, Father was under no legal constraint when he conveyed the properties—neither by guardianship, conservatorship, or Plaintiff's POA. Significantly, the POA, though granted to Plaintiff almost twenty years prior, was not recorded until 2016, after the conveyances in November 2015, and Plaintiff's counsel admitted at the hearing that such authority was not exercised by Plaintiff until it was needed. Thus, since Plaintiff failed to record such authority on the property before the conveyances, her POA had no effect on the conveyances. NMSA 1978, § 14-9-1 (1991) ("All deeds, mortgages, . . . and other writings affecting the title to real estate shall be recorded in the office of the county clerk . . . in which the real estate affected thereby is situated."); *Amethyst Land Co.*, 2014-NMSC-015, ¶ 10. Moreover, even if the POA had been recorded prior to the conveyances, such would not restrict Father's own authority to convey his property absent evidence of incapacity at the time of the conveyances. Additionally, as discussed earlier, Plaintiff failed to *timely* present any evidence that Father was incapable of exercising his rights to convey the property in November 2015, whether by challenging the presumptively valid conveyances with evidence of duress or coercion, or challenging Father's presumptive capacity with evidence of his mental incapacity. Consequently, in ruling that the "execution of the deeds [was] valid" under New Mexico laws, the district court substantively disposed of all of Plaintiff's claims, and Plaintiff cites no authority for the proposition that each claim in her complaint must be specifically named or individually disposed of in the order. *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Accordingly, given the legal presumptions in favor of Defendant, the timing of the conveyances without any legal constraint on Father's authority to convey the properties, and Plaintiff's failure to present any evidence whatsoever, the district court properly determined that Defendant met his prima facie burden and granted summary judgment in favor of Defendant.

**CONCLUSION**

**{18}** For these reasons, we affirm both of the district court's orders.

**{19}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**I CONCUR:**

**ZACHARY A. IVES, Judge**

**MEGAN P. DUFFY, Judge (dissenting).DUFFY, Judge (dissenting).**

**{20}** In November 2015, one year before Father was declared legally incapacitated, he signed twenty-six quitclaim deeds giving various properties in Socorro to his son, Defendant Bobby Contreras; Defendant prepared all of the deeds. Plaintiff was appointed as Father's guardian and conservator to manage his personal and financial affairs in November 2016 after the district court found he was no longer able to do so for himself; she initiated this lawsuit seeking to void the deeds and recover the twenty-six Socorro properties for her father on the basis that the deeds were obtained by "duress and coercion" and that Father lacked the mental capacity to understand the nature and extent of what he was doing. As the majority acknowledges, Plaintiff's "duress or coercion" claim is best understood as an undue influence claim. *See Trigg v. Trigg*, 1933-NMSC-040, ¶¶ 8-9, 37 N.M. 296, 22 P.2d 119 (stating that "undue influence would seem to be a species of duress, or, if this be not quite accurate, the two would at least seem to run together so that the precise line where one begins and the other stops is not easily definable"); 26A C.J.S. Deeds § 133 (2020) ("Undue influence can generally be defined as influence which dominates the grantor's will and coerces it to serve the will of another, or the substitution of the will of the dominant party for the free will and choice of the subservient party." (footnote omitted)). Because I disagree with the majority's conclusion that Defendant met his burden of establishing a prima facie case for summary judgment on Plaintiff's undue influence claim, and because I perceive disputed issues of fact that should have precluded summary judgment on both claims, I respectfully dissent. *See Bartlett v. Mirabal*, 2000-NMCA-036, ¶ 17, 128 N.M. 830, 999 P.2d 1062 ("The burden is first on the moving party to make a prima facie showing that there is no genuine issue of fact as to one or more of the requisite elements in non-movant's claim." (alterations, internal quotation marks, and citation omitted))

**{21}** Before turning to the particular claims, I note as an initial matter that it is not clear that Defendant's motion was ever intended to make a prima facie showing as to either of Plaintiff's claims. The motion consisted of just six "undisputed facts":

1. [Plaintiff] and [Defendant] are the children of [Father].

2. The properties which are the subject of this suit are correctly enumerated in Plaintiff's Exhibit B [to the complaint].

3. Plaintiff failed to properly record or give notice of her Durable Power of Attorney as having any relation to the properties in Socorro County, as required by [NMSA 1978, § 47-1-7 (1901)].

4. Plaintiff did not at the time of transfer from [Father] to [Defendant] have any guardianship or conservatorship authority over [Father].

5. [Father] was under no legal constraint at the time he gifted the properties to his son, [Defendant].

6. The properties were transferred in writing, with the property sufficiently described, consideration noted, signed by the grantor, and witnessed by a neutral third party. *See* §§ 47-1-5 and 47-1-6.

Defendant did not make any legal argument and immediately followed his factual assertions with the conclusion, which stated that Plaintiff lacked standing to bring this lawsuit and that, "[a]s a matter of law, Plaintiff's Complaint fails due to the statutory requirements of conveyance of title having been met by [Father] in properly conveying land to his son, Defendant Bobby Contreras."

**{22}** Substantively, the motion appears to be nothing more than an assertion that Father had legal capacity to deed the properties to Defendant—that is, that Father was under no legal constraint that prevented him from executing the deeds because Plaintiff had not invoked her durable power of attorney and Father was not yet under a conservatorship and guardianship. At the hearing on the motion, Defendant's counsel focused almost exclusively on Father's legal capacity, arguing that Plaintiff has no right under the law to challenge deeds executed by a grantor before he was placed under a conservatorship. *But see Montoya v. Torres*, 1991-NMCA-152, ¶ 19, 113 N.M. 105, 823 P.2d 905 (holding that an otherwise valid deed may be set aside on the basis of undue influence, which calls into question "whether the donor would have made the gift but for the undue influence exerted over him or her"); 23 Am. Jur. 2d Deeds § 177 (2020) ("[A] deed executed as a result of undue influence practiced upon the grantor is voidable[.]"). It was only during rebuttal argument that Defendant's counsel finally mentioned the presumptions that form the basis of the majority's holding in this appeal. On the whole, I am doubtful that Defendant sought to make a prima facie showing on either of Plaintiff's claims, and for the reasons set forth below, I am unpersuaded that he has done so here.

**Plaintiff's Undue Influence Claim**

**{23}** Turning now to Plaintiff's specific claims, the majority concludes that Defendant's six factual allegations, which demonstrate nothing more than that the deeds at issue in this lawsuit are facially valid, are sufficient to meet Defendant's initial burden of establishing a prima facie case for summary judgment on Plaintiff's undue influence claim. Even assuming that "[a] deed [that] is regular on its face is clothed with a presumption of validity," 26A C.J.S. Deeds § 478, neither Defendant nor the majority explain how the presumptions attached to a facially valid deed apply within the contours of an undue influence claim. Because the presumptions do not address or negate the elements of undue influence, they are insufficient to establish Defendant's prima facie showing. *C & H Const. & Paving Co. v. Citizens Bank*, 1979-NMCA-077, ¶ 9, 93 N.M. 150, 597 P.2d 1190 ("If the movant fails to meet this burden, summary judgment is erroneous.").

**{24}** "[U]ndue influence involves the substitution of the mind of the person exercising the influence for the mind of the person executing the instrument, resulting in an instrument that would otherwise not have been made." Ray D. Madoff, *Unmasking*

*Undue Influence*, 81 Minn. L. Rev. 571, 575 (1997). "The underlying theory of the doctrine is that the donor is induced by various means to execute an instrument that, in reality, is the will of another substituted for that of the donor." *Montoya*, 1991-NMCA-152, ¶ 16. The controlling issue is "whether there was undue influence exercised by [the] defendant so that the transfer was not [the grantor's] free will." *Roybal*, 1983-NMCA-101, ¶ 18. The fact-finder must determine "whether the donor would have made the gift but for the undue influence exerted over him or her." *Montoya*, 1991-NMCA-152, ¶ 19. If successful, a finding of undue influence will allow the court to set aside an otherwise valid deed. *See id.* (upholding the district court's judgment setting aside a deed quieting title in favor of grantors when, even though grantors were competent and had capacity to understand the effect of executing a quitclaim deed, the deed was a product of undue influence); *see also Roybal*, 1983-NMCA-101, ¶ 28 (holding that a deed that is the product of undue influence may be declared invalid in its entirety).

**{25}**   The fundamental problem in undue influence cases is that "direct proof is notoriously elusive." *Chapman v. Varela*, 2009-NMSC-041, ¶ 13, 146 N.M. 680, 213 P.3d 1109. "[B]ecause of the difficulty in obtaining direct proof in cases where undue influence is alleged," a presumption of undue influence arises when "a confidential or fiduciary relation with a donor is shown together with suspicious circumstances." *Id.* ¶ 7 (internal quotation marks and citations omitted). Common "suspicious circumstances" include

> (1) old age and weakened physical or mental condition of testator; (2) lack of consideration for the bequest; (3) unnatural or unjust disposition of the property; (4) participation of beneficiary in procuring the gift; (5) domination or control over the donor by a beneficiary; and (6) secrecy, concealment, or failure to disclose the gift by a beneficiary.

*Id.* (stating that "[t]his is not an exhaustive list, nor is it a list of circumstances that are always suspicious" and that "the presence of any of these circumstances is not in itself dispositive" (internal quotation marks and citation omitted)). "The mechanism of a presumption allows the . . . contestant to get the issue of undue influence before the fact finder by offering only proof of a confidential relationship and suspicious circumstances." *Id.* ¶ 13. If the presumption is triggered, it will be sufficient to avoid a motion for judgment as a matter of law. *Id.* ¶ 11; *see also id.* ¶ 16 (emphasizing that these standards do not pose a risk to a grantor's freedom because the factfinder "must still determine whether the contestant has made his or her ultimate case for undue influence by clear and convincing evidence" and that "[o]ur system of presumptions simply assures that it is the finder of fact, not the judge as arbiter of law, that makes this determination").

**{26}**   With this in mind, I return to the question of whether Defendant's undisputed facts establish a prima facie case for summary judgment on Plaintiff's undue influence claim. Although Plaintiff had the burden of showing a confidential relationship and suspicious circumstances, *id.* ¶ 9, Defendant, as the moving party, had the burden of showing an absence of any genuine issue of material fact that could prove or establish

undue influence. *Blauwkamp v. Univ. of New Mexico Hosp.*, ¶ 14 114 N.M. 228, 836 P.2d 1249 ("A defendant seeking summary judgment . . . bears the initial burden of negating at least one of the essential elements upon which the plaintiff's claims are grounded."). Nothing in Defendant's motion can be said to meet that burden, as neither the facial validity of the deeds, nor the "presumption of validity" he advocates on appeal, goes so far as to address or negate the elements of undue influence set out in *Chapman*. Specifically, the presumption does not establish (and Defendant did not aver) that Defendant did not exert undue influence, that Defendant did not share a confidential relationship with Father, or that suspicious circumstances were not present. *See, e.g.*, *McWilliams v. Jensen*, No. 33,137, memo. op. ¶ 14 (N.M. Ct. App. Apr. 6, 2015) (non-precedential) (affirming the district court's entry of summary judgement where the defendants, in their motion for summary judgment, argued that they did not exert undue influence over the grantor to persuade her to sign documents). Because Defendant failed to make any showing regarding the fundamental components of undue influence, I cannot conclude that he made a prima facie showing for summary judgment or that the burden shifted to Plaintiff here.

**{27}**   Even if Defendant had addressed Plaintiff's undue influence claim, he would still have to contend with the factual issues created by his own admissions in his answers to Plaintiff's complaint. We are tasked with conducting a whole record review for evidence that puts a material fact at issue. *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 9, 335 P.3d 1243 ("In reviewing an order on summary judgment, we examine the whole record on review, considering the facts in a light most favorable to the nonmoving party and drawing all reasonable inferences in support of a trial on the merits."). In so doing, I note that Defendant, in an initial pro se answer, admitted that he prepared the deeds— one of the suspicious circumstances identified in *Chapman*. 2009-NMSC-041, ¶ 7 (identifying "participation of beneficiary in procuring the gift" as a suspicious circumstance). Likewise, in a later answer filed by counsel, Defendant represented that "[he] and his father have all their lives had a close and open relationship, and lived next door to one another[,]" which is sufficient to raise a question about whether Defendant had a confidential relationship with Father for purposes of summary judgment. *See id.*; *see also Montoya*, 1991-NMCA-152, ¶ 19 ("A confidential or fiduciary relation exists whenever trust and confidence is reposed by one person in the integrity and fidelity of another."). These admissions demonstrate issues of material fact that should have prevented summary judgment under any circumstance. For these reasons, I would reverse the district court's grant of summary judgment on Plaintiff's undue influence claim.

### Plaintiff's Lack of Capacity Claim

**{28}**   Plaintiff separately claimed that Father lacked mental capacity to execute the deeds in 2015. "The issues of mental capacity and undue influence are separate and distinct." *Roybal*, 1983-NMCA-101, ¶ 23. "The test of mental capacity is whether a person is capable of understanding in a reasonable manner, the nature and effect of the act in which the person is engaged." *In re Estate of Head*, 1980-NMCA-096, ¶ 15.

**{29}**     As the majority correctly points out, "[t]he law presumes that every person is competent. To show the contrary, the burden of proof rests on the person asserting lack of capacity to establish the same by clear and convincing proof." *Heights Realty, Ltd.*, 1988-NMSC-007, ¶ 5. While Defendant's reliance on this presumption at the summary judgment hearing was sufficient to make a prima facie showing on Plaintiff's lack of mental capacity claim, whether summary judgment was properly granted depends on the absence of a disputed issue of material fact. Plaintiff presented evidence, both in documents attached to her pleadings and in her argument to the district court, that Father had been placed under a conservatorship and guardianship within a year of executing the deeds. Our Supreme Court's holding in *Heights Realty, Ltd.* establishes that evidence of Father's subsequent incapacity is relevant to show his condition at the time he executed the deeds, and I believe that Plaintiff's evidence was sufficient to demonstrate a disputed issue of material fact at the summary judgment stage. *See id.* ¶ 6 ("Although the test of mental capacity is applied as of the date that the attacked instrument is executed, evidence of a person's prior or subsequent condition is admissible to show the condition at the time in issue."); *see also Bartlett*, 2000-NMCA-036, ¶ 7 (stating that "the nonmoving party need only show a genuine issue of material fact and need not present evidence sufficient to meet the burden at trial").

**{30}**     For the foregoing reasons, I would reverse the district court's grant of summary judgment and remand the matter for further proceedings on the merits.

**MEGAN P. DUFFY, Judge**